## SUPREME COURT.

### I. STANDARD BETTIS, appellant agt. LEWIS A. GOODWILL, impleaded, &c., respondent.

In an action for the *foreclosure of a mortgage*, where there was a part of the principal sum not yet due, the amount of which was admitted by the pleadings, and the mortgagor—one of the defendants, with his answer, served an *offer* to allow judgment to be entered herein against him, decreeing due on the bond and mortgage mentioned in the complaint the sum of $105, and interest thereon from this date, *and for judgment of foreclosure and sale herein with costs*, which offer was not accepted by the plaintiff, and on a reference it was ascertained that at the time of the offer there was but $68 due on the bond and mortgage: *Held* that the *plaintiff* was entitled to *costs*, notwithstanding the offer (MARVIN, J. *dissented*).

The offer was insufficient, because it did not propose that the judgment should *adjudicate the amount not due*, as agreed upon in the pleadings, or that such amount should be paid either in whole or in part out of the proceeds of the sale, and thereby save a special application to the court for that purpose.

*Erie General Term, September*, 1866.

*Before* GROVER, *P. J.*, MARVIN *and* DANIELS, *Justices*.

THIS action was brought for the foreclosure of a mortgage. The complaint alleged that $129.47, had become due upon

the bond and mortgage in suit, and that $250 was then to become due. It also alleged that the mortgaged premises could not be sold in parcels, and claimed judgment for the foreclosure of the mortgage and a sale of the mortgaged premises. The mortgagor in his answer denied that the amount alleged was due, and that the premises could not be sold in parcels. He also alleged certain payments and counter-claims by way of defense. With this answer there was served an offer, that the plaintiff might take judgment decreeing due on the bond and mortgage the sum of one hundred and five dollars, and for judgment of foreclosure and sale, with costs. This offer was not accepted by the plaintiff. And upon the trial of the issue the referee reported due on the bond and mortgage at the time of the offer, the sum of sixty-eight dollars. He also reported that the premises could not be sold in parcels. Upon the adjustment of the costs, the clerk allowed them to the defendant from the time of the offer. The plaintiff appealed from this adjustment to the special term, where the ruling of the clerk was affirmed. And from the order affirming it he appealed to this court.

I. A. Parsons, *for appellant.*
D. Sherman, *for respondent.*

*By the court,* Daniels, J. The papers furnished upon the argument of the appeal in this cause, do not contain the offer of judgment served by the defendant who gave the mortgage. But as they disclose that the offer was used with the pleadings, on the adjustment of the costs by the clerk, and on the hearing of the appeal before the special term, there will be no impropriety in looking into the printed case furnished to this court when the appeal from the judgment was heard, for the purpose of ascertaining its contents. By the offer, as it is contained in that case, the mortgagor offered " to allow judgment to be entered herein against him, decreeing due on the bond and mortgage mentioned in the complaint, the sum of one hundred and five dollars and interest

thereon from this date, and for judgment of foreclosure and sale herein, with costs." This offer was dated the fifteenth of March, 1864.

According to the report of the referee before whom this cause was tried, the plaintiff was entitled at the time of serving this offer, to recover as already due, the sum of sixty-eight dollars, which was less than the amount offered, and to a judgment directing a sale of the entire mortgaged premises, for the satisfaction and payment of the amount to become due, as well as that which was due. Under a judgment on that report, the plaintiff would, therefore, be entitled to retain out of the proceeds of the sale an amount sufficient to pay that which was due, and the sum to become due, when the offer was served. Whether the plaintiff would have been entitled to enter such a judgment if he had accepted the offer served, is the substantial question presented by this appeal.

The admission of the allegation in the complaint that two hundred and fifty dollars were to become due on the bond and mortgage, arising out of the omission of the answer to deny it, did not entitle the plaintiff to judgment directing its payment out of the proceeds of the sale, without a special application to the court. In that respect it was very much the same in effect as the admission which parties make by allowing the case to go by default for want of an answer, or by serving a demurrer that may properly be overruled. Although the complaint stands substantially admitted, yet the plaintiff is compelled to apply to the court for judgment, before he can enter it, unless the action is on a contract for the payment of money only (*Code,* §§ 244, 247, 269). That was legally the effect of the admission by the pleadings in this case. For the purposes of the action, it was conclusive evidence of the truth of the allegation in the complaint, but that did not dispense with a special application for judgment on that part of the case. And no proceeding is provided by the present system, dispensing with that application in an action to foreclose a mortgage, except the offer which the defendant was at liberty to serve.

Without a direction in the judgment that the amount secured and yet to become due, should be paid out of the proceeds of the sale, it would be the duty of the officer making such sale to pay that part of the proceeds into court. From which the plaintiff would be entitled to receive it only on a special application for that purpose. Under a simple adjudication of the amount due on the bond and mortgage, together with a foreclosure and direction to sell the mortgaged premises, the officer would have no right to pay the plaintiff any thing beyond . that, except the costs and expenses.

The offer in this case offered a judgment decreeing due on the bond and mortgage mentioned in the complaint, the sum of one hundred and. five dollars and interest, and for a foreclosure and sale with costs. This did not propose that the judgment should adjudicate the amount not due, as agreed upon in the pleadings, or that such amount should be paid either in whole or in part out of the proceeds of the sale. The only judgment it offered, besides the foreclosure and sale, was one determining the amount mentioned to be due on the bond and mortgage. The circumstance that the pleadings admitted the amount to become due, did not change the language or effect of the offer, for that would not justify the plaintiff in taking the proper judgment providing for its payment. Nothing less than a specific offer allowing that to be done, or a special direction of the court, could have that effect. This offer, so far from offering a judgment directing the amount not due to be paid out of the proceeds of the sale, makes no allusion whatever to that feature of the case. It proposed a judgment for one single purpose only. The recovery of the sum mentioned as due, and the satisfaction of it, with the expenses, by a sale of the premises. This is all that the plaintiff could have recovered by accepting it. For the clerk in entering judgment would be concluded in his action by the terms of the offer. While he might look into the pleadings for the purpose of ascertaining the proper construction to be placed upon such terms, he certainly would not be at liberty to do it, to incorporate

within them the effect of the admissions those pleadings might be found to contain. Where the party making the offer fails to embody in it such relief as the admissions in the pleadings show the other party entitled to, the clerk has no power to correct or enlarge it in that respect. ·He is required to act according to the offer. That confers his authority upon him, at the same time defining and limiting its extent (*Code*, § 385).

The offer served in one respect, offered a judgment more favorable than that which the plaintiff recovered. For it offered a larger amount due than the referee found by his report. But in another respect, and that much the most important, because the amount was greater, it was less favorable than the report of the referee entitled him to enter. Upon the whole case the judgment was more favorable, because it allowed him to recover from the premises the whole of the mortgage debt, though to some extent reduced in amount as to the sum actually due when the offer was made.

The object of the offer is to secure to the party on whom it is served, an adjudication of his legal rights in the action without the intervention of a trial. And for that purpose it is a highly beneficial element of practice in the progress of litigated proceedings, which deserves the protection and encouragement of courts of justice. Its tendency is to abridge and arrest legal controversies, by diminishing their expenses and avoiding the complications and perplexities often attending trials before the court. To promote the object designed to be accomplished by the offer, it should be required to be couched in clear and explicit language, leaving no reasonable grounds for controversy or misunderstanding, respecting the relief proposed by it, or the judgment the party would be entitled to enter upon the acceptance of it. Otherwise it will often be doubtful whether the party can safely avail himself of it, and further litigation will become necessary before that question can be determined. In such cases the offer will frequently become a snare instead of a benefit, as the law designed it. For by rejecting it when by a very

close construction of its terms it might include all the relief the party afterwards proved himself entitled to recover, he would subject himself to the costs of his adversary from the time of serving the offer ; while by accepting it where a subsequent determination should ascertain it to be too contracted in its terms for the real justice of the case, he would necessarily be deprived of so much of such rights as the offer failed to include. This would have the effect of rendering the offer an instrument of positive injustice in many cases.

These offers should be construed most strongly against the party making them, for they are always made in language of his own selection. But when so construed, if the offer still proves to be so ambiguous, uncertain or indefinite, as to leave it doubtful whether it includes an offer of all the relief the party receiving it is justly entitled to recover ; the party serving it has no good ground of complaint, if he is afterwards compelled to pay the costs of a litigation which he had it in his own power to avoid by merely using language so plain as clearly to comprehend all that the other party was entitled to demand.

The order appealed from, and the adjustment of the costs by the clerk should be reversed, and the clerk directed to allow to the plaintiff such costs as he may be entitled to recover under the judgment.

GROVER, P. J., concurred.

MARVIN, J., dissented.