AUGUST S. GORHAM, on behalf of himself, etc., Appellant, *v.* AARON INNIS, as Assignee, etc., Respondent.

Prior to 1859, I. and others carried on business as partners. In that year the firm was dissolved, and I. thereafter carried on the business, in which he alone was interested, under the same firm name. In August, 1884, he made a general assignment to defendant, for the benefit of his creditors, of all his property whether held by him in his individual name, or in the name of the firm. He first preferred his employes, and then certain other creditors whose claims arose in the business done in the firm name. In an action by the assignee of judgments obtained subsequent to the assignment against the former members of the firm upon obligations of a firm nature to set aside the assignment, and for the appointment of a receiver, *held*, that, although there was no partnership, and the debts were, in fact, the individual debts of I., yet as creditors, who became such by reason of dealing with the so-called firm, have been preferred as firm creditors, the equitable lien upon the property, which might have resulted to the firm creditors if there had been a partnership, as this was held out to be, has been recognized, and those creditors have no ground for complaint; that the validity of the assignment was not affected by the fact that some

of the so-called firm creditors were preferred over others, as an insolvent firm has the right to make such a preference.

An order for an extra allowance rests in the discretion of the trial court, which is subject to review by the General Term, but not by this court.

(Argued May 2, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 2, 1887, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

Prior to the 1st day of March, 1855, Nathan Gifford, Howland R. Sherman and George Innis did business in the city of Poughkeepsie, N. Y., as dealers in dye wood, and were partners in such business, which was carried on in the firm name of Gifford, Sherman & Innis. On the 1st of March, 1855, Nathan Gifford sold and transferred all his interest in the partnership property and business to the remaining partners Sherman and Innis, and on that day he withdrew from the firm and thereafter had no connection with it as a partner. The survivors, Sherman and Innis, continued the business as partners under the same firm name of Gifford, Sherman & Innis, until Mr. Sherman died, which was in the year 1859, and from that time down to about the 2d day of August, 1884, George Innis continued and carried on the same business under the same firm name of Gifford, Sherman & Innis, but he alone was interested in the business and he had no partner. On the date last named George Innis failed in business and made a general assignment for the benefit of his creditors of all his property, whether ·standing and held by him in his individual name or in the name of the firm, which assignment was made to and accepted by the defendant Aaron Innis, who subsequently duly qualified and executed a bond pursuant to the statute, which was approved by the county judge of Dutchess county.

By this assignment the employes of the assignor were made preferred creditors, and then certain other creditors

were preferred whose claims arose against the business done in the name of Gifford, Sherman & Innis, as distinguished from the personal or individual creditors of George Innis. Subsequent to the above-mentioned assignment, and in December, 1884, and March, 1886, several creditors of George Innis obtained several and separate judgments against him and issued executions thereon, which were returned unsatisfied. The contracts and obligations upon which the judgments were obtained were incurred under the said firm name of Gifford, Sherman & Innis.

The plaintiffs in those actions assigned their various claims to the plaintiff herein, who thereafter commenced this action in his own behalf, and in behalf of all other creditors of Gifford, Sherman & Innis who might come in and contribute to the expense of the action. In such action the plaintiff demanded for relief the appointment of a receiver of the property, assets and effects of the late firm of Gifford, Sherman & Innis, to whom the defendant Aaron Innis, assignee as aforesaid, should deliver all the property of the firm in his possession, and that the assignment executed by George Innis should be declared null and void, and that the defendants, George and Aaron Innis, should be adjudged to account for all the property, assets and effects of the said firm; that the defendant should be enjoined from paying out or disposing of any of the assets or effects of the said firm or interfering therewith, except to deliver the same to a receiver when appointed. Also, that a decree might be entered adjudging the plaintiff to be entitled to be paid in full out of the assets of said firm in preference to the claims of individual creditors of said George Innis.

The trial court found that by the assignment certain creditors were preferred, and that those creditors who were thus preferred were those whose claims arose against the business done in the name of Gifford, Sherman & Innis, as distinguished from the personal or individual creditors of George Innis. The ground for claiming to have the assign-

ment set aside was that the assignor preferred some of his individual creditors before those of his creditors who might be designated firm creditors. The trial court gave judgment for the defendant and dismissed the complaint upon the merits.

*Henry S. Bennett* for appellant. The preference of creditors, who dealt with Innis as an individual, was a fraud upon the rights of creditors who dealt with the firm and were in ignorance of the real facts. (*Kelly* v. *Scott*, 49 N. Y. 595.) Innis and his assignee are estopped from denying that Gifford was an actual partner, and the court erred in allowing testimony that he was not. (*Kelly* v. *Scott*, 49 N. Y. 595.) The defendants were furthermore concluded and estopped by the judgments against Gifford & Innis, upon which plaintiff bases this action. (*Leavitt* v. *Walcott*, 95 N. Y. 212; *Smith* v. *Smith*, 79 id. 634; *Tuska* v. *O'Brien*, 68 id. 446.) The creditors do not stand on an equal basis. Those who trusted the firm have a preference over those who trusted Innis individually. (*Nat. Bank of Salem* v. *Thomas*, 47 N. Y. 19; *Jaques* v. *Marquand*, 6 Cow. 497; *Emily* v. *Lye*, 15 East, 7.) The court erred in granting an extra allowance to defendants of $250. Such an allowance being granted in the judgment and decision it can be reviewed upon appeal. (*Adams* v. *Sullivan*, 42 Hun, 278; *Weaver* v. *Ely*, 83 N. Y. 89.) It does not matter whether the debt was contracted in the business or not. The distinction is between those who give credit to a partnership and those who give credit merely to the individual. (Pars. on Partnership [3d ed.] 113.)

*Henry M. Taylor* for respondent. Neither George Innis nor Nathan Gifford had any interest in contesting the allegation of partnership. Innis, in any event, was liable upon the claims based on his own contracts, and Gifford was liable, having permitted his name to appear as one of the firm. (*Poillon* v. *Secor*, 61 N. Y. 456; *Williams* v. *Gellies*, 13 Hun, 422–426.) It is only between the same parties or their

privies that a judgment is conclusive as *res adjudicata* upon matters which were or might have been litigated. (*Patrick* v. *Shaffer*, 94 N. Y. 430 ; *Leavitt* v. *Walcott*, 95 id. 212 ; *Lawrence* v. *Campbell*, 32 id. 455.) Even if the judgments had gone against Aaron Innis individually, it would not have estopped him in his capacity of assignee for the benefit of creditors. (*Rathbone* v. *Hooney*, 58 N. Y. 467 ; *Jackson* v. *Mills*, 13 J. R. 463 ; *Sinclair* v. *Jackson*, 8 Cow. 565 ; *Jackson* v. *Hoffman*, 9 id. 271.) . Chapter 314, Laws of 1858, expressly authorizes assignees for benefit of creditors and other trustees to impeach and disaffirm and treat as void all acts, etc., done in fraud of the rights of any creditors. (*Ball* v. *Shafter*, 98 N. Y. 622 ; *Reynolds* v. *Ellis*, 103 id. 123.) The acts and declaration of the assignor, after assignment and possession under it, are inadmissible as evidence even against the assignee. Still less is he estopped by them. (*Coyne* v. *Weaver*, 84 N. Y. 392 ; *Cuyler* v. *McCartney*, 40 id. 221 ; *Tilson* v. *Terwilliger*, 56 id. 273.) The giving of the bond is not a prerequisite to the validity of the assignment, and if the former when given is irregular and void, it does not affect the validity of the latter. (*Thrasher* v. *Bentley*, 59 N. Y. 648 ; *Matter of Furman*, 75 id. 190 ; *Brennan* v. *Willson*, 71 id. 502 ; *Warner* v. *Jaffray*, 96 id. 252.) If it had been proved and found that no individual debts of the copartners existed, the assignment would not have been void on account of the provisions as to such debts in the instrument. (*Hurlbut* v. *Dean*, 2 Keyes, 105 ; *Mason* v. *Lord*, 40 N. Y. 476.) The assignee was not concluded and estopped on the question of partnership by the mere use of the partnership name. (*Kelly* v. *Scott*, 49 N. Y. 395 ; Co. on Litt. 352 b ; *Dezell* v. *Odell*, 3 Hill, 224, 225.) If, upon all the evidence and facts in the case, an inference that there was no intent to mislead by the use of the firm name, and that the plaintiff's assignors here were not misled, might have been drawn, then in support of the judgment it will be presumed that it was drawn. (*Platt* v. *N. Y. C. Ins. Co.*, 55 N. Y. 510 ; *Myer* v. *Amidon*, 45 id. 173 ; *Demon* v. *Hazard*, 32 id. 77 ; *Grant* v.

*Morse*, 22 id. 323.) Where the assignment is set aside for fraud, the assignee will not be answerable for payments under it to *bona fide* creditors before the filing ot the bill. (*Wakeman* v. *Grover*, 4 Paige, 24; *Columb* v. *Reid*, 24 N. Y. 505, 515; Burrill on Assignments, 631, 632, 677, § 507.) A party setting up an equitable estoppel is himself bound to the exercise of good faith, and he must act promptly. (*Andrews* v. *Ætna Life Ins. Co.*, 85 N Y. 343; Bigelow on Estop. 293; *Delavan* v. *Duncan*, 49 N. Y. 488.)

PECKHAM, J.    There was no partnership since 1859 in which George Innis had been engaged.    Since that date he had carried on the business in which he alone was interested, but under the name of a firm which had not existed for many years.    All his debts in existence at the time when he made the assignment in August, 1884, were, therefore, in one aspect, individual debts. But there were some which had been contracted by him while engaged in transacting business under the firm name, and the plaintiff represents judgment-creditors who obtained judgments against Gifford and Innis upon transactions or obligations of a firm nature, although actually incurred by Innis alone.    All those, who were made preferred creditors in the assignment, represented and were the owners of debts which arose out of precisely similar transactions or obligations as those represented by the plaintiff herein.    In other words, they were all firm as distinguished from individual creditors.

It thus appears that the appellant's claim that the individual creditors of the assignor have been made preferred creditors of the assignment is a matter of fact which has been found adversely to such claim by the referee, and we think there is sufficient evidence to sustain the finding.    The statement of the manner in which the debt to Ella Burger was incurred is somewhat loose, but from all the evidence we think it is a fair inference that the money was loaned by her to the firm as distinguished from the individual, and the firm certainly had the benefit of it.    The appellant claims to come within the principle decided in the case of *Kelly* v. *Scott* (49 N. Y. 595).

We think not. In this case, although there was in fact no partnership, yet, nevertheless, those creditors who became such by reason of dealing with the so-called firm, and who might, therefore, be called the firm creditors, have been preferred in the assignment as such creditors, and hence the equitable lien upon the partnership property which might have resulted to the partnership creditors if there had been a partnership, such as this was held out to be, has been recognized in the assignment, and they have the equitable lien upon the partnership funds or property which they would have had if such partnership had in fact existed. If that be not the case with all the firm creditors, the natural effect of it would be that a preference would be given to some of the partnership creditors over others of the same class, and an insolvent firm has the undoubted right to prefer certain of its creditors over others.

The order for an extra allowance was, we think, within the discretion of the trial court, and although subject to review by the General Term, we have no such power.

The judgment of the Supreme Court should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.