VALK *v.* McKEIZE *et al.*

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. CONTRACTS—SUBSTANTIAL PERFORMANCE.

The finding of a referee that a contract to build a house to cost $7,000 was substantially performed, though there were defects amounting to $275, will be sus-

tained on appeal, where it plainly appears that the builder intended to fulfill the contract.

**2. APPEAL—WEIGHT OF EVIDENCE.**

On foreclosure of a mechanic's lien, the finding of a referee, on conflicting evidence, allowing certain items as extra work, will not be set aside on appeal, where there is evidence in support of such finding, even as to an item the value of which rests entirely upon the testimony of plaintiff.

**3. COSTS—DISCRETION OF COURT—FORECLOSURE OF MECHANIC'S LIEN.**

The rule allowing costs in actions at law to the successful party may be applied, in an action to foreclose a mechanic's lien, even though the judgment recovered by plaintiff is less than the amount claimed, where there was no offer of judgment by defendant, but a general denial by him, and a demand for dismissal, with costs, and the litigation was severe and protracted.

Appeal from special term, Kings county.

Action by Lawrence B. Valk against Ferdinand McKeize and others to foreclose a mechanic's lien. The issues were referred to a referee, and from a judgment of foreclosure and sale, entered upon his report, defendant McKeize appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Gratz Nathan*, for appellant. *O. N. & E. T. Payne*, for respondent Valk. *Fred. Ingraham*, for respondents Powers, Carman & Mirchell. *Wm. B. Davenport*, for respondent Lewis.

BARNARD, P. J. The plaintiff agreed to construct a house for McKeize for $7,000. This sum was payable by installments, and all the installments have been paid except the last one, which was $500, payable upon the final completion of all the work. The question first presented is whether the building was substantially completed so as to entitle the plaintiff to receive this amount, less such items as were required to fully complete the contract. The referee has found the defects to be $275, and that the contract was substantially performed. This brings the case within the rule laid down by the court of appeals in *Nolan* v. *Whitney*, 88 N. Y. 648. The defects in that case were $200 in value, and a judgment for the plaintiff allowing that sum upon the installment was upheld. In this case it appears that extra work was done upon the house exceeding in amount the omissions. It is manifest that the plaintiff intended to fulfill, and the finding that he did substantially fulfill is supported by the evidence. There is strong proof given tending to show that the work was fully done, and according to the contract, in the first instance. There was proof that other work was done finally, to complete according to specific objection of the owner. The referee made a liberal allowance for defects under this evidence. This was allowed for extra work. The plans were changed in some respects, and more work was done at the owner's request than was called for by the contract. The referee has allowed $549.79 for this extra work. Nearly half of this is in one item for extra plumbing. That the plans as to the plumbing were changed is not disputed, and that the cost was increased. The amount claimed was admitted in the case, and the concession was withdrawn. The witnesses as to the difference in cost varied. The lowest estimate was $160, and the referee has allowed $220. The finding cannot be set aside under the rules governing appeals. Another considerable item is for extra work done in coloring the walls. The contract called for white walls, and the coloring was put on at the request of the owner's wife, and with his assent. The coloring was an experiment, and failed, and the plaintiff was compelled to remedy the failure. The proof shows that it cost $162.75, which was allowed by the referee. The mouldings in the dining-room and parlor were changed, at the owner's request, from pine to oak. The difference allowed by the referee supports the finding of $50 therefor. The painting in parlor was extra, and the only question about it is whether $25 was enough to pay, or $40, allowed by the referee. The proof is conflicting on the subject. The extra carpenter work al-

lowed is $71.54. The sum is made up of various small items, which rest almost, if not quite, wholly upon the testimony of the plaintiff. These items are particularly specified in the evidence, and if that is credited the finding is fully supported. There is no reason why the plaintiff's statement in respect thereto should be discredited on appeal.

The costs were properly allowed. It is true that the plaintiff claimed more than he got, but there was no offer, and the litigation was severe and protracted. The rule governing actions at law in respect to costs should be applied to the case. The parties differed as to the amount due the plaintiff, and through him to the other persons who put means, labor, and material in the building. The defendants denied everything, and asked for a dismissal, with costs. The judgment is right in granting costs against him on the plaintiff's recovery. Judgment affirmed, with costs. All concur.