### AUSTIN *v.* RAPPLEYE.

(*Supreme Court, General Term, Fourth Department.* April, 1892.)

SET-OFF—PERSON BENEFICIALLY INTERESTED.

> A mortgagor leased the mortgaged premises to B., the person entitled to the interest accruing on the mortgage. B. became indebted to the mortgagor for rent. Thereafter the mortgage was assigned to defendant. *Held*, that the mortgagor was entitled to offset the rent due from B.

Appeal from special term, Tompkins county.

Action by William Austin against James M. Rappleye. From a judgment restraining further proceedings to foreclose a mortgage by advertisement given by plaintiff, and requiring defendant to execute, at the request of plaintiff, a satisfaction piece of said mortgage, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*M. N. Tompkins*, for appellant. *William Austin*, for respondent.

HARDIN, P. J. Findings of fact were made by the court to the effect that plaintiff rented his house to Mrs. Blauvelt, and that she became indebted and remained indebted for the rent to plaintiff in a sum sufficient to discharge the balance remaining due upon the bond and mortgage given by plaintiff. The court also found the burden of proof was on the plaintiff to establish that the house in question was rented to Mrs. Blauvelt, and that she is indebted to plaintiff. There was a conflict in the evidence, and the court saw and heard the conflicting witnesses, and presumably followed the witnesses whose testimony seemed to be most satisfactory. The findings of fact should not be disturbed. *Day* v. *Town of New Lots*, 107 N. Y. 148, 13 N. E. Rep. 915; *Valk* v. *McKeize*, (Sup.) 16 N. Y. Supp. 741. *Roosa* v. *Smith*, 17 Hun, 138, is in point. BOARDMAN, J., says in that case: "But we think it very clear that a general term cannot in a doubtful case, upon conflicting evidence, like the one under review, assume the place of the referee, and determine from mere reading of the evidence who has told the truth, or is best entitled to credit."

2. It was, in effect, found that Mrs. Blauvelt was entitled to the interest which had accrued upon the mortgage given by plaintiff, inasmuch as the mortgage was held for her benefit when her indebtedness for rent accrued to the plaintiff. It appears the interest accrued, as well as the rent, before the assignment of the bond and mortgage to the defendant. It seems equitable

that the offset should be sanctioned. *Richards* v. *La Tourette*, 119 N. Y. 54, 23 N. E. Rep. 531; Code Civil Proc. § 502. Mrs. Blauvelt is "the person beneficially interested" in the recovery of the interest which accrued upon the mortgage held against the plaintiff. *Armstrong* v. *McKelvey*, 104 N. Y. 180, 10 N. E. Rep. 266.

3. It was not error to sustain the objection to the question put to Mr. Blauvelt. He was allowed to state the facts and the conversation had with plaintiff, and it was not competent for him to state his conclusion therefrom.

The judgment should be affirmed, with costs. All concur.