(16 Misc. Rep. 29.)

### GLEASON v. THOM et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

SALE—ACTION FOR THE PRICE—SUFFICIENCY OF EVIDENCE.
  In an action for the price of blank books ordered by defendants of plaintiff, to be made according to sample, and to be covered with leather like a sample which defendants had marked "Approved," and to "look as good," in this regard, as the sample book, which was covered with a different quality of leather, it appeared that defendants tendered the books within the time required by the contract. There was evidence that the covers were of the same leather as the sample marked "Approved," and plaintiff, as a witness, denied that he would call the sample book better than those tendered. There was also a comparison of the books as to appearance at the trial. Held, that there was some evidence to support a verdict for plaintiff, though the evidence tended strongly to show that the books tendered were quite inferior to such sample.

Appeal from city court of New York, general term.

Action by Thomas J. Gleason against Charles W. Thom and another, to recover the contract price of blank books manufactured by plaintiff for defendants.   From a judgment affirming a judgment entered on a verdict in favor of plaintiff (35 N. Y. Supp. 1107), defendants appeal.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Julien T. Davies and Brainard Tolles, for appellants.

L. J. Morrison, for respondent.

BISCHOFF, J.   This action was brought to recover the agreed price of goods manufactured under a contract between the parties,

the defendants having refused acceptance, claiming nonperformance upon the plaintiff's part. The contract was entered into in June, 1893, and called for the furnishing of 1,000 blank books, to be made according to sample, and delivered "as soon as possible, which will be about August 1st. " These books were to be covered with leather of a kind according to a sample which defendants had marked "Approved," and were to "look as good" in this regard as the sample book, which was covered with a different quality of leather. About the 10th of August delivery was made of 200 books, which were rejected by the defendants, principally, it appears, because the covers were not satisfactory, and also because the pages were not numbered. This last defect the plaintiff offered to remedy at once, but the defendants still refused to accept the delivery. Up to this date no question as to the time of performance had been raised, and the plaintiff's readiness to correct the defect of paging before the time for performance had expired, according to the parties' understanding of what that period was, could be taken as a substantial performance so far. Miller v. Benjamin (Sup.) 21 N. Y. Supp. 1116. What attitude was taken as to the time of delivery could have been inferred from the defendants' letter of August 22d in which they said:

"We want you to send for the books, as we told you and Mr. Wakeman both, as we will not take the books unless as agreed, and up to sample."

It was thus inferable that the defendants had looked upon the time of performance, at that date, as unexpired, and since they then would not accept the books as tendered, the plaintiff could consider the contract broken, cease further delivery, and recover damages if he could maintain his position that the books were according to sample and "looked as good" as the model in the way of binding. Soltau v. Vulcanite Co., 12 Misc. Rep. 131, 33 N. Y. Supp. 77. There was evidence that the covers of these books were actually of the same leather as the sample which had been marked "Approved" by the defendants, and whether or not the appearance of the goods was as pleasing as that of the sample book, the court and jury below had an opportunity to discover, since there was an ocular comparison at the trial.

The evidence contained in the record tends very strongly to show that the books furnished were quite inferior to the sample in appearance, this being caused by the effect of the binding process upon the cheaper leather; but there is some contradiction as to this in the plaintiff's denial that he would call the sample book better than his own production. Our conclusion must be that there was some evidence in support of the plaintiff's cause of action, and that the court did not err in refusing a nonsuit at the trial. This is as far as we may look into the facts of the case (Claflin v. Watch Co., 7 Misc. Rep. 669, 28 N. Y. Supp. 42), whatever may be our view of the justice of the verdict as based upon the preponderance of proof. .

Judgment affirmed, with costs. All concur.