(18 Misc. Rep. 11)　　　　　CARNEY v. REILLY.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

1. APPEAL—WEIGHT OF EVIDENCE.

The appellate term of the supreme court, on appeal from the general term of the New York city court, cannot consider the weight of evidence.

**2. TRIAL—RECEPTION OF EVIDENCE—DISCRETION OF COURT.**
Where a paper had been twice called for during the trial, and counsel for the adverse party stated that he did not have it, but afterwards offered it in evidence without explaining its sudden appearance, it is within the discretion of the court to refuse its admission.

**3. COSTS—EXTRA ALLOWANCE—APPEAL.**
The general term of the New York city court exercises final discretion on an application for an extra allowance, and its decision is not reviewable by the appellate term.

Appeal from city court of New York, general term.

Action by Michael Carney against Maggie Reilly to foreclose a mechanic's lien. A judgment in favor of plaintiff, rendered at trial term without a jury, was affirmed by the city court, and defendant appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Malcolm R. Lawrence, for appellant.

Albert Sire, for respondent.

BISCHOFF, J. The plaintiff, a subcontractor, brought this action to foreclose a mechanic's lien against the premises No. 40 Market street, owned by the appellant, for lathing and plastering work done under a contract with the principal contractor; his right to a lien depending upon the existence of an indebtedness due the contractor from the owner, to which his claim could attach. The owner appeals from the judgment in favor of the plaintiff, contesting the allowance of items for extra work alleged to have been performed by the contractor, and contending that her counterclaim or set-off, based upon an alleged breach of contract by the contractor, was improperly rejected.

At the outset we find ourselves called upon to direct attention to the well-settled rule that, upon appeals from the general term of the city court to this court, the weight of the evidence is not open to review, and that the judgment of affirmance below precludes our examining into the facts for any purpose other than to ascertain whether any evidence exists in support of a particular finding assailed. Gleason v. Thom, 16 Misc. Rep. 29, 37 N. Y. Supp. 680; Davidoff v. Manufacturing Co., 16 Misc. Rep. 31, 37 N. Y. Supp. 661; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687. Therefore the points made by appellant's counsel, touching the probabilities, the interest of the witnesses in the result of the action, and the presence or absence of corroboration, bring no matter before us for inquiry. These questions were all resolved by the general term, and properly, so far as we may say, if some proof in support of the judgment appears.

The most important finding of facts is that dealing with the question of the contractor's performance of the contract, upon which question depends the appellant's right to a counterclaim or set-off against the sums claimed to be due and applicable to the satisfaction of the plaintiff's lien. By the terms of the contract the building in question was to have been completed on November 1, 1893. It was not then completed, and on January 12, 1894, the contractor was expelled from the premises by the appellant, who there-

after completed the work. The reasonable expense of this completion was allowed the appellant by the trial court, but the claim for loss of rents and other items, based upon the contractor's failure to complete on November 1st, was disallowed, upon the ground that the contractor had been delayed in his work by causes beyond his control for a period sufficient to excuse his nonperformance of the contract according to its exact terms. Sufficient evidence appears from the record that the contractor was delayed for a period of some 14 weeks in all by other contractors engaged upon the building, whose work had to precede his, by the acts of the building department, and through the fault of the owner in failing to maintain the premises in a condition to receive the plastering, in accordance with a trade custom. From this the trial court was authorized to find that the contractor's failure to complete the building at the date named in the contract was excusable, and, since he was expelled from the building some 10 weeks thereafter, when excusable 14 weeks behind-hand, he was not in fault in that the work was not completed at the time of his expulsion; nor could it be said that he would not have performed his contract if given the full time in which to make up for the period during which he was delayed.

The next question arises with regard to the contractor's claim for extra work upon a party wall, cellar vaults, and sidewalk, and against the allowance of this claim the appellant cites a clause in the contract which provides as follows:

"Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the said Frederick Jenth, architect, and his decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work, or of the work omitted, the same shall be valued by two competent persons,—one employed by the owner, and the other by the contractor,—and these two shall have power to name an umpire, whose decision shall be binding on all parties."

No arbitration as to the value of this work was sought prior to the action, and the evidence supports the value found by the court. The architect at no time decided whether the work upon the party wall was extra or not, but, according to the contractor's testimony, the owner agreed with him that the work was extra, or, at least, did not dispute his statement that it must be so regarded if to be performed at all; and while the architect testifies that he had held the work upon the vault and sidewalk to be within the specifications, the testimony of the contractor to the effect that it had not been so held is found in support of the judgment. The plans and specifications were so drawn as to make it very doubtful that this particular work on the sidewalk was intended to be within the contract, and the work in question upon the vault was not within the specifications, except by the terms of a marginal note upon that paper. As to whether this marginal note evidenced a part of the contract, or was added without the consent of the contractor, there is a conflict of testimony, and the fact was found favorably to the plaintiff upon what we must assume the court found to be satisfactory evidence.

A further claim is made that the court should have allowed the appellant larger sums in some instances than were actually found to her credit, for expenses undergone in completing the building; but, while it is true that, under the evidence, a larger allowance as to certain of these items might with propriety have been made, it is equally true that upon the proof the justice might have found, in some instances, a smaller amount to be due the appellant. Therefore we cannot say that there was error of law in that the court did not allow the claims according solely to the evidence given in their support. This question was one for the tribunal having jurisdiction to review the facts.

No question arises upon this appeal with regard to the justice of the plaintiff's claim against the contractor, through whom he seeks to recover; and, since the indebtedness due the latter from the owner appellant, as found upon sufficient evidence, is adequate to cover the plaintiff's claim in its order of priority as a lien, the judgment is not, to this extent, to be disturbed.

We find, however, that there was an erroneous allowance of a personal claim, made at the trial by the plaintiff against this appellant, for $32, evidence as to which was received under proper objection and exception. This demand was not within the pleadings, and hence not properly before the court for adjudication. The judgment, if to be upheld, must be reduced so far.

The exception taken to the admission of the evidence above noted is the only one which upon examination is found to present any ground for disturbing the judgment as rendered. The majority of those urged upon this appeal have to do with the exclusion of certain evidence of pecuniary loss, in support of the appellant's set-off for the amount of damages sustained by reason of the contractor's alleged breach of contract in failing to complete the building. Apart from any discussion upon the merits of the rejection of this particular evidence, it is clear that the rulings were harmless, in view of the main finding in favor of the contractor upon the question of this breach of contract. In the case of other exceptions, no ground of objection was stated, and the error of the rulings is not apparent.

One further exception was taken to the court's exclusion of a certain paper when offered upon rebuttal in behalf of the appellant. This paper had been twice called for at a previous stage of the trial, and counsel then announced that he did not have it. No sufficient explanation of its sudden appearance at the time of the offer was given, and we think that it was clearly within the proper discretion of the court to refuse its admission at that time.

There is also before us an appeal by the plaintiff from so much of the judgment of affirmance as reduces an extra allowance granted by the trial court from $290.42 to $21.50. This allowance, as granted, was computed at the rate of 5 per cent. upon the whole amount involved in the litigation, and the general term reduced it to a sum computed upon the plaintiff's actual recovery $430.47. As of right the plaintiff was entitled to no allowance, the award being wholly within the discretion of the court to make or withhold, and

the final exercise of discretion rested with the general term, from whose determination, within the limits of the discretion to be exercised, no further appeal lies. Gorham v. Innes, 115 N. Y. 87, 21 N. E. 722; Hanover Fire Ins. Co. v. Germania Fire Ins. Co., 138 N. Y. 252, 33 N. E. 1065.

For the error noted in the allowance of the item of $32, the judgment must be reversed and a new trial ordered, with costs to abide the event, unless the respondent shall stipulate to reduce the recovery by that amount, in which event the judgment, as so modified, is to be affirmed, without costs. All concur.