### ROLLINS v. BARNES (two cases).

(Supreme Court, Appellate Division, Second Department.   December 31, 1897.)

FORECLOSURE OF MORTGAGE—OFFER OF JUDGMENT—COSTS.

While an action upon a bond and mortgage for foreclosure and for judgment for any deficiency is subject to the provision of Code Civ. Proc. § 738, relating to an offer of judgment and the effect thereof upon future costs, an offer by the defendant "to allow judgment of foreclosure and sale, * * * with interest, * * * with costs against him herein," falls short of the statutory requirements, for it makes no offer of a personal judgment against the defendant for a deficiency.

Appeal from special term, Kings county.

Action by Edward A. Rollins against Everett Barnes. From an order directing a retaxation of costs, both parties appeal.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Louis Wertheimer, for plaintiff.
Henry Parsons, for defendant.

HATCH, J.   When the appeal from the judgment was before us, the record did not contain the offer of judgment, and its effect was not therefore considered.   The action, although to foreclose a mort-

gage, is subject to the provisions of section 738 of the Code of Civil Procedure. If the defendant's offer was broad enough to have entitled the plaintiff to the usual judgment of foreclosure and sale for the amount of the offer, and judgment for any deficiency arising upon the sale, then, upon refusal to accept it, the defendant became entitled to costs, and the court was without any discretionary power in the premises. Lumbard v. Railway Co., 62 N. Y. 290; Bathgate v. Haskin, 63 N. Y. 261; Singleton v. Insurance Co., 121 N. Y. 644, 24 N. E. 1021.

The offer served in the case is in the following form, omitting the title: "The defendant, Everett Barnes, hereby offers to allow judgment of foreclosure and sale for $2,000, with interest from October 1, 1888, with costs to be taken against him herein." The offer was dated, signed, and evidenced in the usual form. The judgment demanded in the complaint was for the foreclosure of the mortgage and judgment for any deficiency in the usual form. This was the judgment to which the plaintiff was entitled. The offer limits the judgment to the single right of a foreclosure and sale of the mortgaged premises. It does not authorize, nor could the court authorize, a judgment for anything else. The action was upon the bond, as well as to foreclose the mortgage; and the plaintiff was entitled thereby to the personal liability of the defendant, as well as the security of the land. If the offer was accepted, the plaintiff thereby released the personal liability of the defendant. This he was not called upon to do, even though he was not entitled to enforce liability for a sum greater than the amount of the offer.

The offer which may be served under the Code must be to the effect that the defendant will allow "judgment to be taken against him"; and, where a personal judgment is authorized by the form and character of the action, the offer must conform thereto, and authorize the entry of such a judgment.

In Bettis v. Goodwill, 32 How. Prac. 137, it was said by Mr. Justice Daniels:

"To promote the object designed to be accomplished by the offer, it should be required to be couched in clear and explicit language, leaving no reasonable grounds for controversy or misunderstanding respecting the relief proposed by it, or the judgment the party would be entitled to enter upon the acceptance · of it. * * * These offers should be construed most strongly against the party making them, for they are always made in language of his own selection. But when so construed, if the offer still proves to be so ambiguous, uncertain, or indefinite as to leave it doubtful whether it includes an offer of all, the relief the party receiving it is justly entitled to recover, the party serving it has no good ground of complaint if he is afterwards compelled to pay the costs of a litigation which he had it in his power to avoid, by merely using language·so plain as clearly to comprehend all that the other party was entitled to demand."

The offer in this case falls short of this requirement, and was therefore without effect. That no question may hereafter arise, it is proper that we should state that the effect of our former decision is to reduce the amount of the extra allowance in an amount proportioned to the reduction of the recovery.

The order should be reversed, with $10 costs and disbursements to plaintiff. All concur.