such sums of money as the said constable may become liable to pay on account of an execution which shall be delivered to him for collection. The court, by Andrews, J., says:

"Where, however, the constable commits a bare trespass upon the property of a third person, not a party to the execution, although under color of the process, the liability he incurs to the person injured is in no just sense on account of the execution. The act done is neither commanded nor justified by the writ."

The constable in this case was not authorized by the execution to take the plaintiff's property. In taking it, therefore, without authority, he committed a trespass, for which act the sureties are not liable. To hold otherwise would be contrary to the fair meaning and language of the bond, and would do great injustice to the sureties.

The motion for a new trial is granted, with $10 costs.

---

(28 Misc. Rep. 487.)

### CRASWELL v. NEW YORK & S. B. FERRY & STEAM TRANSPORTATION CO.

(Supreme Court, Appellate Term. July 26, 1899.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
   On appeal from the general term of the city court of New York to the appellate term of the supreme court, the weight of evidence is not open to review.

2. ASSAULT—QUESTION FOR JURY.
   In an action for assault, where plaintiff's testimony, if believed, would entitle her to a verdict, and the witnesses for the defense are all employés of defendant, the case is properly submitted to the jury.

Appeal from city court of New York, general term.

Action by Euphemia Craswell against the New York & South Brooklyn Ferry & Steam Transportation Company. From a judgment for plaintiff, affirmed by general term (57 N. Y. Supp. 827), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. Archibald Murray, for appellant.

Blandy, Mooney & Shipman, for respondent.

FREEDMAN, P. J. This action was brought to recover damages for an assault alleged to have been committed upon the plaintiff by one of the defendant's employés while she was proceeding to take passage upon one of the defendant's ferryboats at the foot of Thirty-Ninth street, on September 6, 1895. An examination of the record in this case does not disclose, nor does the appellant claim, that any error was committed in the reception or exclusion of evidence. The brief of the appellant is largely devoted to a discussion of the weight that should be given to the testimony, but upon an appeal

from the general term of the city court to the appellate term the weight of evidence is not open to review. Carney v. Reilly, 18 Misc. Rep. 11, 40 N. Y. Supp. 1123. In the case at bar the plaintiff testified to facts which, if believed by the jury, entitled her to a verdict. It is true, she was the only witness in her own behalf as to the actual facts regarding the assault. The witnesses for the defendant, however, were all employés of the company. There was sufficient testimony to require the submission of the case to the jury upon the disputed questions of fact, and there appears to have been no error committed upon the trial to warrant the interference of this court. The judgment must therefore be affirmed.

Judgment affirmed, with costs.

LEVENTRITT, J., concurs.

MacLEAN, J. I concur in the result, but, under Claflin v. Watch Co., 7 Misc. Rep. 668, 28 N. Y. Supp. 42, and Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 942, prefer not to subscribe to the statement taken from Carney v. Reilly, 18 Misc. Rep. 11, 40 N. Y. Supp. 1123.