OTTMAN v. SCHENECTADY CO-OPERATIVE REALTY CO. et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

MECHANICS' LIENS—ENFORCEMENT—COSTS—FUND LIABLE.

    Code Civ. Proc. § 3411, makes the question of costs in an action to foreclose a mechanic's lien discretionary with the court, and directs that the judgment shall specify to whom and by whom they shall be paid. *Held*, that where a contractor defaulted after partially performing his contract, and the owner completed it, it was proper, in an action by the lienors to foreclose their lien on the amount due the contractor, for the referee to award costs out of the sum due the contractor before applying it to the liens; the owner having litigated nothing and having stood ready to pay according to the discretion of the court.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 654.]

Appeal from Judgment on Report of Referee.

Action by Charles Ottman against the Schenectady Co-operative Realty Company and others. From a judgment for plaintiff, defendants Shank and others appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

R. J. Cooper and William Dewey Loucks, for appellants.
John D. Miller, for respondent.

COCHRANE, J. This is an action to foreclose a mechanic's lien. The appeal concerns only the award of costs. The owner of the real property in question is the defendant the Schenectady Co-operative Realty Company. The defendant George Marr contracted with such owner for the construction of certain buildings. After partially performing his contract the contractor defaulted. The owner completed the contract, and after completion there was due to the contractor under such contract $1,240. The parties hereto, other than such owner and contractor, are lienors for labor and material furnished the contractor. The parties stipulated at the trial that the said sum of $1,240 take the place of and be considered as the real estate, and that the referee direct distribution thereof as if the same had been duly paid into court, without prejudice in the matter of costs. The referee awarded costs to the plaintiff and to each of the lienors who appeared by separate attorneys, payable out of said sum of $1,240, and also directed payment thereof by the contractor, and directed judgment against such contractor for any deficiency which should remain unpaid

to any of the lienors after the application of said sum of $1,240. The contractor does not appeal.

The effect of this award of costs is to cause the said sum of $1,240 out of which the liens are to be paid to be absorbed before payment of the appellants' liens in the order of their priority. We entertain no doubt of the power of the referee to award costs payable out of said sum of $1,240. Section 3411 of the Code of Civil Procedure makes the question of costs discretionary with the court, and directs that the judgment shall specify to whom and by whom such costs shall be paid. The theory of the appellants seems to be that such costs should be paid by the owner. Doubtless there are cases where it would be equitable to charge the owner with the costs. Such were the cases of Kenney v. Apgar, 93 N. Y. 539, and Wheeler v. Scofield, 67 N. Y. 311, cited by appellants. There the owners were the litigating defendants, and were defeated in the litigation. Here the owner litigated nothing, but admitted liability and offered to pay the amount due on the contract according to the direction of the court. It would have been unjust and inequitable under such circumstances to charge the owner with costs.

Criticism is also made of the award of costs to the defendants. Where a defendant lienor takes no active part in the action, save to make proof of his lien or to observe some other formality, he should not, as a general rule, be awarded costs. In this case we have not been supplied with the pleadings or evidence, save that a brief synopsis of the pleadings is given. We are unable to say just what attitude the several defendants assumed at the trial, or whether they raised or litigated any question. We cannot assume that the discretion of the referee in awarding costs to the defendants was improperly exercised.

The judgment should be affirmed, with costs. All concur.