(56 Misc. Rep. 182.)

### J. J. NEWMAN LUMBER CO. v. WEMPLE et al.

(Supreme Court, Special Term, Monroe County.   October, 1907.)

**1. COSTS—EXTRA ALLOWANCE.**

The state unlawfully canceled a contract for the performance of certain work, and the other party to the contract sued to recover the amount earned under the contract to the time of cancellation. In the action, plaintiff was obliged to do a great share of the work in establishing liens of which the state had notice, but against which it did not defend. *Held,* that plaintiff would be granted, besides taxable costs, an extra allowance of 5 per cent. on all the claims established on the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 620–635.]

**2. SAME.**

In an action against the state to recover for work performed under contract illegally canceled, where several lienors established their liens against the state for labor, the usual costs will be allowed attorneys for each lienor represented up to the time of the trial and one trial fee.

Action by the J. J. Newman Lumber Company against J. Cady Wemple and others. Motion for costs and extra allowance. Motion granted in part.

Lewis & McKay, for plaintiff.

John Desmond, Deputy Atty. Gen., for the State.

CLARK, J.   In the decision heretofore rendered in this action it
was held that the contract in question was canceled by the state, with-
out sufficient cause, on the 20th of January, 1906.   The cancellation of
the contract being unlawful, the state is precluded from recovering
damages against the contractors, and they would be entitled to recover
whatever amount had been actually earned upon the contract at the
time of its unlawful cancellation by the state.  · If the amount which
had been actually earned equaled the contract price, then the full
amount could be recovered;  and, if moneys had been actually earned
under the contract at the time of the cancellation, the issuing of a cer-
tificate by the state architect certifying the amount due would not be
necessary as a condition precedent to payment of such moneys earned,
for, if the contractors had earned a certain amount of money, and then
the contract was unlawfully canceled by the state, they are surely enti-
tled to recover from the state the amount actually earned upon the con-
tract at the time of its cancellation.   If the state is seemingly compelled
to pay more than the unpaid balance of the contract price, it is for the
reason that the state continued payment to the contractors after liens
were filed without protecting itself against liens, of which it had due
notice.

In that view of the case, it seems to me that the amount earned at
the time of the unlawful cancellation of the contract was as follows:

| | | |
|---|---:|---:|
| The amount of certificate No. 19, which had been issued by the state architect, but not paid, amounting to the sum of | $ 7,452 | 77 |
| The 15 per cent. reserve amounting, at the time, to | 11,526 | 24 |
| The value of the work performed during the month of January for which no certificate was issued | 6,150 | 00 |
| The value of the extra work occasioned by changes and deviations in the contract | 1,162 | 00 |
| Total | $26,291 | 01 |
| Add to this the amount heretofore paid upon the contract, which equals | 73,419 | 52 |
| | $99,710 | 53 |

| | | | |
|---|---:|---|---:|
| Contract price | $96,454 00 | | |
| Extra work | 1,162 00 | | |
| | | | 97,616 00 |
| Excess | | | $ 2,094 53 |

| | | |
|---|---:|---:|
| This excess deducted from | $26,291 | 01 |
| | 2,094 | 53 |
| Leaves a balance of | $24,196 | 48 |

This amount the contractors had actually earned under their contract
at the time of its unlawful cancellation, when they were driven from
the work by the action of the state authorities.

The plaintiff and a large number of the defendants, lienors, ask for
costs, and the plaintiff asks for an extra allowance.   This case was in
some respects difficult, and in a good many respects extraordinary.
Costs are in the discretion of the court (Code Civ. Proc. §§ 3230, 3411),
and it can also grant an extra allowance in cases of this character
(Code Civ. Proc. § 3253;  Horgan v. McKenzie [Com. Pl.] 17 N. Y.

Supp. 174). An extra allowance of 5 per cent. of the amount of the plaintiff's claim would be entirely inadequate compensation for the plaintiff for the extraordinary labor involved in the preparation and trial of this action; and I think the plaintiff should be entitled to, not only the regular taxable costs, but an extra allowance of 5 per cent. upon all of the claims established on the trial. The amount of all the liens was necessarily involved in the litigation, and the plaintiff was obliged to do a great share of the 'work in establishing them; and it seems that the extra allowance on the entire amount involved, being here the amount of the liens established, is just and proper, and the court has power to grant it. Carney v. Reilly, 18 Misc. Rep. 11, 40 N. Y. Supp. 1123. Messrs. Peck & Whitbeck appeared for a large number of labor lienors, and it was stated in open court that they performed a large amount of labor outside of making proof with reference to the various liens represented by them; and they are awarded the usual bill of costs for each lienor represented by them up to the time of trial, and one trial fee. F. M. Whitney and James A. Van Voast, respectively, are allowed taxable costs on each claim represented by them, and one trial fee, but no extra allowance.

As to the various other applications for allowances of costs in this matter, it appears that, excepting the counsel who have been granted allowances as above stated, their labors consisted of making formal proofs of the liens represented by them, and it does not seem to be proper to award costs, except as above. Ottman v. Schenectady Realty Co., 119 App. Div. 736, 104 N. Y. Supp. 137.

While the case was difficult and extraordinary, the labor was performed very largely by the plaintiff's attorneys and by Messrs. Peck & Whitbeck, E. M. Whitney, and James A. Van Voast; and, so far as I am advised, the labors of other counsel engaged in the case were confined principally to making formal proofs of their respective claims, and for that reason costs should not be allowed.

As to the claim between the trustee in bankruptcy and the state, the jurisdiction of the court to pass upon that seems somewhat doubtful and it is therefore not determined here, but additional findings may be submitted, to the effect that on January 20, 1906, the state canceled the contract in question without good and sufficient cause, and that such cancellation was wrongful; also, that there became due to the contractor upon such cancellation sums which had been earned by them under the contract, and were unpaid, aggregating at least the sum of $24,196.48, with interest thereon from the date of the cancellation of the contract. Costs to be allowed as above indicated.