DOMENICO SALERNO and Another, Plaintiffs, *v.* GEORGE VOGT and Another, Defendants.

(County Court, Oneida County, October, 1912.)

Mechanics' liens — foreclosure of — costs under section 53 of Lien Law — " Prevailing party."

> Where, in an action to foreclose a mechanic's lien, plaintiffs claim $891 and re;ect an offer of judgment for $500, and then one of $450, neither in form to permit the entry of a judgment *in personam* for any deficiency, and they finally recover $585, they are the " prevailing party " within the meaning of section 53 of the Lien Law and entitled to costs, the amount of which is within the discretion of the court.

> Where an offer of judgment is not in the form provided in section 55 of the Lien Law it must be presumed to have been made under section 738 of the Code of Civil Procedure.

ACTION to foreclose a mechanic's lien.

T. Curtain, for plaintiffs.

Lewis, Foley & Foley, for defendant Vogt.

HAZARD, J. This action was brought for the foreclosure of a mechanic's lien, filed by the plaintiffs as contractors against defendant Vogt as owner. The plaintiffs' lien was for $891.41. The action was tried before the court, and the plaintiffs have been awarded $584.91, and the matter of awarding costs is now up for decision. It seems that two offers of judgment were made by the defendant. The first reads as follows:

" SIR.— Take notice that George Vogt, one of the defendants in the above entitled action, hereby offers to allow judgment to be taken against him in the above entitled action adjudging that plaintiffs herein have a lien against the property described in plaintiffs' complaint herein for

the sum of Five Hundred Dollars ($500.00) with interest thereon from the 9th day of June, 1912, with costs.

"Dated UTICA, N. Y., *July* 31, 1912.

" GEORGE  VOGT.
" GEO. J. VOGT,
*Defendant."*

The second offer made during progress of the trial was in exactly the same form, but the amount offered was $450. Neither offer was accepted. We have thus a case where plaintiffs claim $891, reject an offer of $500, and then of $450, and finally recover $584.91; and both the plaintiffs and defendant claim to be entitled to costs.

The subject of costs in mechanic's lien cases was formerly governed by section 3401 of the Code, which in 1909 was transferred to the Lien Law, and now constitutes section 53 of that law. The offer of judgment is to be presumed to have been made under section 738 of the Code, it not being in the ·form provided in section 55 of the Lien Law. Kennedy v. McKane, 10 App. Div. 88.

It appears by section 53 of the Lien Law that, in actions brought to enforce a mechanic's lien against real property in a court of record, the costs and disbursements shall rest in the discretion of the court, and may be awarded to the prevailing party. Both parties claim to have " prevailed," and, therefore, to be entitled to costs against the other. It is true that the plaintiffs have recovered much less than their claim; on the other hand, they have been awarded more than the amount of either of the defendants' offers. Furthermore, it seems that defendant's offer is not in such form that it would be available to affect the matter of costs even if it had been for the amount recovered, because it only authorized a judgment establishing plaintiffs' lien against the real property named in the complaint at a certain sum, authorizing thereby the entry only of a judgment *in rem,* and was not in form to permit a judgment *in personam* for any deficiency. Kennedy v. McKane, 10 App. Div. 88; McNally v. Rowan, 101 id. 342; affd., 181 N. Y. 556; Rollins v. Barnes, 23 App. Div. 240.

The latter case was a mortgage foreclosure action, but the principle involved seems identical in either case. In view of the informality of defendant's offer, and the fact that plaintiffs have been awarded nearly $135 more than the ultimate offer, I think the plaintiffs must be held to be the "prevailing party," and, therefore, entitled to some costs. See McNally v. Rowan, *supra.*

The quesion of how much costs plaintiffs are entitled to is one of more difficulty. As a matter of experience and investigation I think it is quite customary in cases of this sort, when costs are awarded to either party, to fix the amount àt the same figures as would be awarded in a mortgage foreclosure action. And the question is presented as to whether the court has power to do otherwise; in other words, as to whether the court's discretion extends any further than simply awarding " costs " to one party or the other does not seem to be very clearly settled.

Harvey v. Brewer, 82 App. Div. 589, seems to hold more or less inferentially that the prevailing party is entitled to costs, and apparently the usual foreclosure costs were awarded. Numerous other cases contain rulings upon the subject of costs, but do not make the point in question as to their amount clear.

It was said in Ottoman v. Schenectady Co-operative Realty Co., 119 App. Div. 737, that where the owner does not litigate anything, it is inequitable to compel him to pay costs. In Condon v. Church of St. Augustine, 112 App. Div. 168–175, it was said that if it is regarded as equitable costs may be charged against the plaintiff. In Valk v. Mc-Kenzie, 16 N. Y. Supp. 741, it was held that, where defendant-owner had made general denial and not succeeded, it is proper to allow costs against him. And in Haller v. Apa, 18 N. Y. Supp. 588, it was held that costs may be awarded against an owner in default. And in Kennedy v. Apgar, 93 N. Y. 539, it was held that such costs may be in excess of the amount due the contractor. In Carney v. Reilly, 18 Misc. Rep. 11, the court said that a plaintiff who recovers is not entitled to any costs *as a matter of right.* The award is wholly within the discretion of the court to make

or withhold. In Faville v. Hadcock, 39 Misc. Rep. 397, it was held that the provisions of section 3228, subdivision 4 of the Code, do not apply to an action to foreclose a mechanic's lien in which equitable relief is sought. None of these cases, nor any others that I have been able to find, dispose of the question as to whether the *amount* of costs is in the discretion of the court; but after full consideration I am convinced that such is the intention of section 53 of the Lien Law. I think that that section places three matters in the discretion of the court, viz.: The person to whom the costs should be paid, the person by whom the costs shall be paid, and the amount of costs. This refers to actions brought in a court of record. It will be noticed that it is specifically provided in section 53 that "if such action is brought in a court not of record, they shall be the same as allowed in civil actions in such court." The absence of a similar provision with reference to courts of record, I think, warrants the holding that the amount is one of the elements left to the discretion of the court.

In the case at bar, while I have held that the plaintiffs are the successful party, I do not deem it equitable that they should be given a full bill of costs. Their success is only partial at best, and they have been making claims in this case greatly in excess of what they were entitled to. On the other hand, they were entitled to *something,* and defendant has never tendered the correct amount. There remains a suspicion in my mind that if the plaintiffs had been less unreasonable in their demands the litigation might have been avoided, but, as plaintiffs appear to have been compelled to either accept a less amount than was really their due or else bring this action, I think I shall award them a nominal amount, say, thirty-five dollars, together with their actual disbursements, not, however, including witnesses' fees. The witnessess whom they produced did not substantiate their claims, and I do not think that this sort of litigation ought to be encouraged.

Judgment accordingly.