### TAYLOR et al. v. MAYNARD et al.

·(Supreme Court, Special Term, Niagara County.   January, 1914.)

MECHANICS'. LIENS (§ 310*)—FORECLOSURE—FEES AND COSTS.

Under Code Civ. Proc. § 3253, providing that in an action to foreclose a mortgage upon real property, if plaintiff recovers a final judgment with costs, he is entitled to recover, in addition to the costs otherwise prescribed, certain percentages upon the amount found to be due upon the mortgage, where the judgment for plaintiffs in an action to foreclose a mechanic's lien expressly provided that the court in its discretion thereby granted to plaintiffs costs according to the rate allowed by law, in an action to foreclose a mortgage upon real property, plaintiffs were entitled to have taxed as costs the percentages specified.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 651–654;  Dec. Dig. § 310.*]

Action by George D. Taylor and another against S. Arthur Maynard and others.   On motion for retaxation of costs.   Motion granted.

W. E. Lockner, of Lockport, for the motion.
M. A. Federspiel, of Lockport, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

POUND, J. Action to foreclose a mechanic's lien. Judgment for plaintiffs in terms provides for "plaintiffs' bill of taxable costs, amounting to the sum of $205.41, which the court in its discretion hereby awards and grants to the plaintiffs against all of the defendants according to the rate allowed by law in an action brought to foreclose a mortgage upon real property."

The clerk on taxation of costs disallowed an item in plaintiffs' bill of costs for "allowance by statute $41.50," being the percentages under section 3253 of the Code of Civil Procedure allowed to plaintiff when he recovers costs in an action brought to foreclose a mortgage upon real property.

"As a matter of experience and investigation, I think it quite customary in cases of this sort, when costs are awarded to either party, to fix the amount at the same figures as would be awarded in a mortgage foreclosure action." Hazard, Co. J., in Salerno v. Vogt, 78 Misc. Rep. 64, 66, 138 N. Y. Supp. 664, 665.

The court in its discretion having specifically made an allowance of costs to the plaintiffs "at the rate allowed by law in an action brought to foreclose a mortgage upon real property," the only question for the clerk, as the taxing officer of the court, or for the court on this motion, to determine, is whether such percentages are allowed in a mortgage foreclosure action. Clearly they are so allowed.

As the only explanation that suggests itself for the disallowance of this item by the clerk is that the parties lost sight of the terms of the judgment and sought to raise the question of the items of costs properly taxable on the foreclose of a mechanic's lien where "costs to be taxed" are allowed, the motion allowing the item is granted, without costs.