JESSE CARLL, Respondent, *v.* PAUL N. SPOFFORD, Appellant.

The defendant, owner of a vessel, entered into negotiations with the plaintiff to repair her. The plaintiff refused to limit the expenses to any fixed sum, but stated that, at a rough guess, he supposed the repairs would amount to $6,000 or $8,000. Afterward the defendant wrote to the plaintiff directing him to make certain specified repairs, to observe the strictest economy, and saying: "If you find on further examination that it (the expense) will be likely to exceed the sum you have named, of $6,000 or $8,000, you will at once advise me, as I do not care to go beyond that sum." The vessel was in worse condition than supposed, and the defendant was so informed. The plaintiff's bill amounted to $12,236.49.—*Held*, that the completion of the repairs named in the letter was the primary and leading intent of the contract without any condition other than the observance of the strictest economy, and that the plaintiff could recover the amount of his bill.

Argued February 6th, and decided February 8th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court, of the second judicial district, affirming a judgment for the plaintiff entered upon the report of a referee.

This action was upon the *quantum meruit* for the balance of a shipwright's bill for repairs upon a brig belonging to the defendant.

The whole amount of the bill claimed was $12,236.49, of which $5,921.08 had been paid, leaving a balance of $6,315.41 due. At the defendant's request the plaintiff examined the vessel and expressed the opinion that she was well worth repairing. He declined to do the work upon contract for a fixed sum, and said he could not make an estimate, but that, at a rough guess, he supposed the work would cost from $6,000 to $8,000. The defendant subsequently wrote him the letter given in the opinion of the court.

The referee held that the plaintiff was entitled to recover the whole amount of his bill, notwithstanding it exceeded the amount named in the letter.

*E. A. Doolittle*, for the appellant.

*Townsend Scudder*, for the respondent.

CHURCH, Ch. J. The judgment was rendered for the balance claimed to be due the plaintiff, for work and materials done and furnished, in repairing and refitting the brig " Rush," belonging to defendant. It appeared that, after negotiations between the parties, in which the plaintiff had refused to limit the expense to a specified sum, and stated that he could not make an estimate, but that, at a rough guess, he supposed the repairs would be $6,000 or $8,000, the defendant wrote the following letter to the plaintiff, which, the referee finds, contained the essential conditions of the contract :

" NEW YORK, *April* 18, 1867.

" JESSE CARLL, Esq., Northport, L. I. :·

" Dear Sir.—I have decided to let you repair the brig ' Rush,' by putting on a new bow, putting in the few pieces required to replace the decayed wood, putting on a rider keelson, a new deck, putting on a new rail, and putting in new bends.

" I wish the work done as cheaply as is consistent with safety and economy, and that not one dollar should be unnecessarily spent on her; and if you find, on further examination, that it will be likely to exceed the sum you have named, of $6,000 or $8,000, you will at once advise me, as I do not care to go beyond that sum. It is my understanding that, while you have thought it possible the expense might reach those figures, you are to use every effort to put the vessel in order at as low a price as possible; that you are only to charge a moderate profit for your work, and that no expense that can be judiciously avoided is to be incurred. I also write a line to Capt. Petty.

" Yours, truly,

" (Signed)        P. N. SPOFFORD."

On examining the vessel, she was found to be more unsound than was expected, of which fact the defendant was apprised ; but it does not appear that anything was said about what amount of additional expense would be required, or whether it would cause the whole repairs to exceed the sum of $8,000 or not.

The referee also found that the work was skillfully and economically done, and the vessel delivered to the defendant according to the requirements of the contract, as to her condition and qualities; that the bills for repairs were not footed up until the whole work was completed, when it was ascertained that the whole expense was $12,236.49, of which there remains unpaid $6,315.41; and that the plaintiff acted in good faith.

It is claimed that, by the terms of the contract, contained in the letter, the plaintiff was bound, when the limit named, of $8,000, was reached, to inform the defendant, and that this was a material condition in the contract for the defendant, to enable him then to determine whether he would go on or abandon the work; and that the referee erred in the conclusion of law that the putting on of the repairs named in the letter was the primary and leading intent of the contract, without any condition other than the observance of the strictest economy. This must be taken in connection with the finding, that it is not the proper construction of the contract that the work was to be abandoned after having been begun, on finding that the cost of repairs exceeded the estimate.

It is manifest that the expense was not limited by the contract, and that neither party so understood it. The most that can be said is, that the plaintiff agreed (regarding the letter as the contract) that if he should find, on further examination, that the expense would be likely to exceed the sum named, to inform the defendant. This examination was evidently to be made before the work commenced. A partial examination had been made, and the defendant desired the plaintiff to make a further examination, and report his opinion as to the probability of a larger expenditure being needed. Such examination was made, and the defendant informed of the result. It does not appear that the defendant asked the plaintiff his opinion of the expense, from the further examination, or whether it would exceed the specified limit, nor is there anything in the case tending to show that the plaintiff then supposed that the expense would be likely to exceed

$8,000. The construction claimed by the defendant, that when $8,000 was expended the plaintiff was to stop and inform the defendant, cannot be sustained. The language does not warrant such a construction, and the circumstances attending the transaction, and the nature and character of the work to be done, repel it. It would require very clear expressions to establish a construction that the defendant intended under any circumstances to expend $8,000, and leave the vessel in a condition unfit for use. If not impracticable, it would be quite inconvenient to adopt this mode of doing the work and furnishing the materials. Such a condition might be made, but in the absence of the clearest intention, it will not be presumed. The defendant wanted his vessel repaired, and he was anxious to limit the expense, but the plaintiff refused to undertake the work with a limit, or to make any fixed estimate. The defendant directed the work to be done, with an expression that the expense should not exceed $8,000, and that the work should not go on if, in the plaintiff's opinion, on further examination, it would cost beyond that sum. It does not appear that the plaintiff entertained the opinion that it would, and the work proceeded as directed. The defendant was disappointed in the amount of the expense, as most people are who undertake extensive repairs, but in the absence of bad faith, or express contract, there is no principle of law which will justify holding the plaintiff responsible.

The judgment must be affirmed.

All the judges concurring, judgment affirmed.