(10 App. Div. 88.)

KENNEDY et al. v. McKONE et al.

(Supreme Court, Appellate Division, First Department.    November 13, 1896.)

1. CONTRACTS—INTERPRETATION.
    The effect of a contract to do specified work for "about $1,200, but not to exceed $1,500," is that the contractor shall receive the reasonable value of the work done, not exceeding $1,500, and it is immaterial that the contractor afterwards gave an order for money to become due under the contract, referring to the contract price as $1,200, since such reference was merely intended to identify the contract.

2. SAME—SUBSTITUTION OF CONTRACTORS.
    The substitution of plaintiffs in place of the contractor who had undertaken work for defendant is not effected by an order on defendant, given by the original contractor to plaintiffs, who, at the contractor's instance, undertook to complete the work, where the order requested defendant to pay plaintiffs "the amount of their bill for labor and materials that they are furnishing for the job * * * that I am doing for you, * * * not to exceed the amount of my contract price of $1,200."

3. SAME—COMPLETION OF BUILDING CONTRACT BY OWNER.
    The mere fact that the owner of a building, on default of the contractor, paid a certain sum for the completion of the building, does not prove that such sum was the value of the uncompleted work which the owner was entitled to deduct from the contract price.

4. MECHANICS' LIENS—FORECLOSURE—OFFER OF JUDGMENT.
    Laws 1885, c. 342 (Mechanic's Lien Law), though containing complete provisions for enforcing liens, one of which is (section 19) that defendant may pay a given sum into court in discharge of the lien, is not exclusive of the provisions of the Code of Civil Procedure relating to offers of judgment, as section 8 of the mechanic's lien law expressly retains the ordinary procedure in actions of foreclosure of mortgages.

5. SAME—COSTS.
    An offer, in an action to foreclose a mechanic's lien, to allow judgment fixing the lien at $1,000, without providing for a deficiency judgment in personam, is not necessarily more favorable than a judgment fixing the lien at $600, with a personal judgment for any deficiency.

Appeal from court of common pleas, special term.

Action by John Kennedy and another against Joseph F. McKone and others to foreclose a mechanic's lien. From so much of the judgment as confirmed the report of the referee, and awarded judgment in favor of defendant McKone against plaintiffs for $18.16, the excess of his costs over the amount of the claims established by plaintiffs, plaintiffs appeal; and from so much of the judgment as limited the amount of defendant Winter's recovery from defendant McKone to $99.95, defendant Winter appeals. Reversed as to plaintiffs. Affirmed as to defendant Winter.

The action is brought by the plaintiffs to foreclose a mechanic's lien upon the defendant McKone's leasehold interest in the premises No. 91 William street in the city of New York. The complaint contains two causes of action. The first is for $1,537.76, the alleged fair and reasonable value of work done and materials furnished, at the request of said McKone, in making additions and alterations upon said premises. The second cause of action is for $276.75, the alleged value of work done and materials furnished by the defendant Robinson, at the request of McKone, the claim for which was assigned by Robinson to the plaintiffs. The answer of the defendant McKone alleges the making of a contract by him with the defendant Robinson to do the work on said building, the details of which are specified, for the sum of $1,500; that Robinson failed to complete his contract, and entered into an agreement with the plaintiffs to do said work for him as subcontractors; that the plain-

tiffs thereupon did certain work under said contract, and certain extra work, but failed to complete the work to be done under the contract; that, owing to this failure on the part of Robinson and the plaintiffs, the defendant McKone was compelled "to pay out, on account of said contract," the sum of $787.92; and that the balance due "to the said defendant Robinson, or these plaintiffs," is the sum of $685.13, "which sum this defendant has always been ready and willing, and has offered to pay to these plaintiffs on account of their claim herein." At the trial the defendant McKone was permitted to amend his answer by alleging that the contract price for which Robinson was to do the work was $1,200, instead of $1,500. The defendant Winter answered, setting up a claim for $133.31 against the defendant McKone, alleged the filing of a lien, and asked the usual judgment of foreclosure and sale. Prior to the trial the defendant McKone offered judgment "establishing the amount of the plaintiffs' lien" at the sum of $1,000 and costs, and establishing that of the defendant Winter at the sum of $96 and costs. These offers were not accepted. There was much conflict in the evidence, but the following facts were found by the court to be established by a preponderance of evidence:

Some time in July, 1894, the defendants McKone and Robinson entered into a contract whereby the latter agreed to do the mason work, carpenter work, iron work, tiling, plastering, and papier-mache work on the premises of the latter. While the amount was not fixed definitely, Robinson told McKone that it would be about $1,200, and would not exceed $1,500 at the utmost. Robinson commenced work, but about the middle of August his firm failed, and made an assignment, which destroyed his credit, and prevented him from completing the contract. Thereupon, at Robinson's request, the plaintiffs took hold of the job. After working a short time, they insisted upon some arrangement with McKone as to payment. An interview followed, at the office of Eustis, McKone's attorney, at which the following paper was executed and delivered to the plaintiffs:

"N. Y. Augt. 30th, 1894.

"Joseph F. McKone: Please pay to John Kennedy & Son the amount of their bill for labor and materials that they are furnishing for the job at 91 William street that I am doing for you when the work is completed, not to exceed the amount of my contract price of $1,200.          Hugh Robinson.

"Accepted, to be paid when the said contract is fully completed.

"J. F. McKone."

The plaintiffs continued work till the early part of October, when they left, leaving unfinished the tiling, plastering, and papier-mache work, which they claimed they were under no obligation to do. McKone thereupon had the unfinished work completed at a cost of $761.80. Robinson remained after the plaintiffs left, and superintended the work until its completion.

Upon these facts the referee found that Robinson's contract price was $1,200; that the plaintiffs were substituted as contractors in Robinson's place, and became entitled to said sum of $1,200, and obligated to do the whole of Robinson's work; that McKone was entitled to the sum of $761.80, the amount paid by him to complete the contract, as an offset to the contract price; and that the plaintiffs were entitled to recover the difference, $438.20, together with $166.67 for extra work; but, as the whole sum of $604.87 was less than the amount of McKone's costs, the latter had judgment for the residue, to wit, $18.16. The referee found that the defendant Winter was entitled to recover the sum of $99.93, for which judgment was allowed him.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Artemas B. Smith, for appellants Kennedy and another.
Arthur L. Henthorn, for appellant Winter.
John E. Eustis, for respondent McKone.

BARRETT, J. 1. While quite agreeing with the learned referee that a contract existed between McKone and Robinson, and that that contract included the tiling, plastering, and papier-mache work, we

cannot concur in the view that the contract price was $1,200. The undisputed evidence seems to establish the contrary. According to the defendant McKone's own testimony, the only limit put upon the cost was that it should not exceed $1,500. The same thing is shown by the defendant's Exhibit E. This was a card on which Robinson first wrote the details of the work which he was to do. At the foot of it, in McKone's handwriting, are the words, "Will not run over $1,500." And the latter admits that he placed these words there as a memorandum of what occurred at the interview with Robinson. This evidence is absolutely undisputed, except by Robinson, who claimed terms more favorable to himself,—a claim which the referee rightly disregarded. It is thus proved that Robinson agreed to do the work for a sum not to exceed $1,500. The legal effect of such an agreement was that Robinson became entitled to recover the reasonable value of the work done, with the limitation that such recovery could not exceed $1,500. The case is not, as the plaintiffs claim, analogous to Carll v. Spofford, 45 N. Y. 61. There the plaintiff refused to put a limit on the cost of his work, but merely made a "rough guess" that it would not exceed a figure named. Here Robinson definitely fixed a sum which the cost should not exceed, and he cannot recover more than the sum so named. The contract price was not affected by the recital, in the order of August 30, 1894, that it was but $1,200. The price was not fixed at the interview which occurred on that day, but at the previous interview between McKone and Robinson. The contract price was, as we have seen, to be about $1,200, but not to run over $1,500. The words, "my contract price of $1,200," were merely words of description; and they misdescribed the contract, or, rather, failed to describe it fully and accurately. That is all. The only purpose of the order was to define the amount which McKone should pay the plaintiffs, and the legal effect of it, so far as these plaintiffs are concerned, is precisely the same, in all respects, as if the words "my contract price" had been omitted.

2. We are also unable to agree with the learned referee that the plaintiffs became substituted as contractors in the place of Robinson. The order of August 30, 1894, does not effect any such substitution. There is only one possible construction to be put upon it, and that is that it gives the plaintiffs, as subcontractors under Robinson, the security of McKone's responsibility up to the amount of $1,200. If the plaintiffs became chief contractors in Robinson's stead, they would be entitled to receive Robinson's compensation. But, even if we should assume, contrary to the fact, that Robinson's compensation on August 30, 1894, was fixed at $1,200, it would still remain true that the plaintiffs were not absolutely entitled to this sum. They were to receive the "amount of their bill," which was "not to exceed" the sum of $1,200. The learned referee admits that, on its face, this is what the order means, but says that, nevertheless, the evidence as a whole shows that such a substitution was effected. After a careful perusal of his opinion, and examination of the evidence, we are unable to see that he refers to, or that the record discloses, any fact or circumstance permitting such an inference. In fact, the testimony of McKone and his attorney, Eustis, shows that

the question of the retention of Robinson or the substitution of the plaintiffs was directly discussed, and the former course deliberately chosen. This was done, as they testify, both because McKone knew Robinson, and wanted him to superintend the work, and because the latter believed that there was still a profit in the contract for him after paying the plaintiffs. McKone, from friendly motives, was desirous that Robinson should make any such possible profit. The effect of this, however, is not what the referee and counsel for the plaintiffs have assumed, viz. that the plaintiffs were entitled to recover their full $1,200 from McKone in any event, leaving the latter to look to Robinson if the work was not completed. McKone has completely protected himself from such a result by the condition, in the order, that the plaintiffs' right to receive the amount of their bill from him (within the limit of $1,200) shall be dependent upon the completion of the work. McKone was not in the first place liable to the plaintiffs at all. Robinson hired them, and they would have had to look to him throughout but for the order. There is no promise on McKone's part, express or implied, to pay them anything, except as specified in the order. They must recover in accordance with its terms, or not at all. The condition made in this paper puts the plaintiffs, for the purposes of this action, in much the same position as if they had been chief contractors. They could not, like a chief contractor, be held by McKone to liability for breach of contract; but, when they took the initiative, and sought to recover their bill, it became incumbent upon them to show fulfillment of the contract, either by themselves or by Robinson. If McKone had not elected (as his answer shows he did) to finish the work as agent for the contractor, the plaintiffs would have lost all right to compensation. As McKone, however, elected to finish the work and charge up the cost, we think the referee did right in deducting the value of this uncompleted work, and awarding plaintiffs the balance. When a contractor fails to complete, and the owner does so for him, the former is debited with the amount of the latter's necessary expense, on the theory that the owner is acting as the agent of the contractor, that such expense is incurred in order to entitle the contractor to the contract price, and that the contractor would have had to incur the same expense if he had done his duty. The plaintiffs stand in no better position here. They can recover under their order only what Robinson could have recovered if he had proceeded with the work,—always, however, within the $1,200 limit. If McKone was justified, as he clearly was, in doing the work which Robinson's contract called for, but which was not done, either by Robinson or the plaintiffs, he can properly deduct the value of that work from the value of the work which was actually done; and the balance is the just meed of the plaintiffs' recovery.

3. From the foregoing it results that the plaintiffs should not have been nonsuited on their second cause of action. McKone was liable to Robinson in the sum of $1,500 if the work done was of that value. Robinson assigned away his right to recover $1,200 of this amount, but remained entitled to the other $300 if suffi-

cient work was done. The plaintiffs' assignment covers certain services rendered by Robinson and materials furnished by him. For each day of labor and pound of material Robinson was entitled to recover from McKone, with the limitation, originally, that the whole sum should not exceed $1,500; with the limitation, after the execution of the order, that such recovery should not exceed $300, if the plaintiffs earned their full $1,200. This difference between the amount of money earned by the plaintiffs and the full amount earned under the contract, Robinson remained entitled to recover after the order; and the plaintiffs, in so far as they have succeeded to Robinson's rights, must have judgment for the amount so due.

4. We are unable to agree with the referee that the defendant McKone proved that he was entitled to deduct the sum of $761.80 as the value of the uncompleted work. It was simply proved that McKone paid out this amount. There is no evidence that the work done was of that value. The mere fact of payment, standing alone, is not sufficient evidence of value. Gumb v. Railroad Co., 114 N. Y. 411, 414, 21 N. E. 993, 994.

5. We also think that the learned referee erred in his disposition of the question of costs. The defendant McKone made an offer of judgment under section 738 of the Code of Civil Procedure. This offer was in these words:

"The defendant Joseph F. McKone hereby offers to allow judgment to be taken against him in this action establishing the amount of the plaintiffs' lien at the sum of one thousand dollars and costs."

The offer was not accepted, and, as the plaintiffs failed to establish a lien to the amount of $1,000, the referee awarded costs to the defendant from and after the date of the offer. The appellant contends that the offer was unauthorized, for the reason that the mechanic's lien act (Laws 1885, c. 342) provides a complete and comprehensive scheme upon the general subject, which excludes the section of the Code in question, and prevents offers of judgment thereunder. We do not agree with this view of the statute. It is true that the act contemplates a complete system for creating and enforcing mechanics' liens, but it expressly retains the ordinary procedure in civil actions for the foreclosure of mortgages upon real property except as therein otherwise provided. Section 8. This procedure embraces offers of judgment under section 738, and there is certainly nothing in the mechanic's lien act which is inconsistent therewith, or which provides "otherwise." Section 19 of the mechanic's lien act has no relation to offers of judgment. That section merely allows an offer to pay a given sum into court. Acceptance of the offer entitled the lienor neither to the money nor to judgment. It simply permits the deposit, and thereupon substitutes the money for the land, discharging the lien upon the latter. This is an entirely different thing from an offer of judgment. Offers of judgment are permitted in equity cases, the same as in common-law actions. It follows that they are permitted in mechanic's lien foreclosures. They are part of the procedure retained by section 8. An offer of judgment un-

der the Code was therefore admissible. But this offer cannot avail the defendant, for the reason that he has not established, and in the nature of things cannot establish, that the plaintiffs have recovered a less favorable judgment than that offered. The offer here was in the same form as that which was considered and approved in Pfister v. Stumm (Super. Buff.) 27 N. Y. Supp. 1000. So far as the plaintiffs ask a judgment in rem, we agree with the conclusion of the learned court in this case. Reasonably construed, the offer covered all the relief asked in the complaint on that head. Here, however, the plaintiffs also asked and obtained a deficiency judgment in personam against McKone; and McKone offered them no such judgment. His offer says: "You may have the property sold, and pay yourselves from the proceeds one thousand dollars." But there he stops. The plaintiffs could not have entered or docketed a deficiency judgment in personam against McKone, without praying for it, and having it adjudged to them. The language of section 23 is explicit, that whenever, upon the sale, "there is a deficiency of proceeds, judgment may be docketed for the deficiency against the persons named in the judgment as personally liable therefor, and therein adjudged to pay the same, in like manner and with like effect as in actions for the foreclosure of mortgages." Here the plaintiffs prayed for this deficiency judgment, and the referee found that they were entitled to it. The offer did not embrace it. We cannot say that the judgment which the plaintiffs obtained was less favorable than that offered. A judgment establishing their lien to the amount of $600, with a deficiency judgment in personam, might be more favorable than a judgment establishing their lien at $1,000, but without a deficiency judgment. The statute does not authorize the docketing of the personal judgment as a legal sequitur from the deficiency. On the contrary, it expressly leaves that question to the determination of the court. The court must, in its decree, adjudge the liability, and require the payment. It follows that the offer was insufficient to justify the award of costs to the defendant.

As to the Winter appeal, we are satisfied that the finding of the referee that the item of $40 for building the stairway was included in the contract between Robinson and Winter is amply sustained by the evidence. This item was thus properly disallowed as against the defendant McKone, and judgment has been given the appellant for the remainder of his claim.

The judgment, so far as appealed from by the plaintiff, should be reversed, and a new trial ordered, with costs to abide the event; so far as appealed from by the defendant Winter, it should be affirmed, with costs. All concur.