THE UNITED PRESS, Appellant, *v.* THE NEW YORK PRESS COMPANY, LIMITED, Respondent.

*Contract to pay for services "a sum not exceeding three hundred dollars" — damages for a refusal to accept the services.*

Where a contract made by a news vending company with a newspaper company provides "the second party (the newspaper company) agrees to receive the said news report on the conditions aforesaid, and to pay to the first party (the news vending company) therefor a sum not exceeding three hundred dollars during each and every week that said news report is received by the second party until the first day of January in the year 1900," the news vending company is, in the event of a breach of the contract by the newspaper company's refusing during the term of the contract to continue to receive the news reports, limited to the recovery of nominal damages, as the parties having left the matter of compensation vague and undetermined, it is impossible for the court or a jury to import into the contract a fixed sum.

The fact that during the time the newspaper publishing company received the news reports it paid therefor the sum of $300 a week does not amount to an acknowledgment of an obligation to pay that amount during the whole contemplated life of the contract.

In such a case no recovery can be had on a *quantum meruit* or *quantum valebant*, where the case has been tried upon the theory that the sum of $300 a week was a fixed and unalterable factor in the computation of damages.

APPEAL by the plaintiff, The United Press, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of May, 1898, upon the verdict of a jury rendered by direction of the court for the sum of six cents damages.

*William C. Davis*, for the appellant.

*De Lancey Nicoll*, for the respondent.

PATTERSON, J.:

The only matter requiring consideration on this appeal relates to the ruling of the trial justice, that, under the case as made, the plaintiff was entitled merely to nominal damages. In accordance with that ruling a verdict for six cents was directed, and from the judgment entered thereon the plaintiff appeals. The specific ground of the ruling was, that upon a construction of the contract, for the breach of which the action was brought, and on the theory of the

plaintiff, urged and insisted upon at the trial, there was nothing before the jury by which substantial damages could be measured or estimated. It was shown that the plaintiff was a corporation engaged in the business of collecting and vending reports of news for newspapers, and that the defendant was a corporation publishing a newspaper in the city of New York; that the plaintiff and defendant entered into a contract in writing by which the former agreed to deliver to the latter a night news report for publication in the defendant's newspaper. The contract contained, among other provisions, the following clause, viz.: "The second party (defendant) agrees to receive the said news report on the conditions aforesaid, and to pay to the first party therefor a sum not exceeding three hundred ($300) dollars during each and every week that said news report is received by the second party until the first day of January in the year 1900," etc.

The defendant received news reports from the plaintiff under the contract until the 1st day of January, 1894, and paid therefor the sum of $300 a week. At or about the date last mentioned it ceased to take them and refused to receive them. It had previously notified the plaintiff of its purpose so to do by letter dated December 28, 1893, stating therein that it had become necessary for it to make a reduction in the cost of its news service; that numerous applications had been made for a reduction of the amount, and that inasmuch as the plaintiff had declined to make any concessions, notification was given to cease sending any reports after the first of January, but the letter also contained the statement that if the plaintiff would name a figure that might be mutually agreeable to the parties it would be considered by the defendant. Meantime a discontinuance of the reports was directed. A correspondence ensued between the parties relating to terms upon which news reports would be accepted by the defendant thereafter, but it resulted in nothing.

The trial judge correctly held that there was a breach of the contract by the defendant. It arose from the peremptory direction to cease sending the reports. The true construction of the contract is that the defendant agreed to take news reports from the plaintiff until January, 1900, but it is also true that by the contract itself no fixed price was agreed upon at which the news service was to be furnished during the whole of that period. The price remained

indefinite; it was "not exceeding" the sum of $300 a week. The parties left that matter vague and undetermined. It was impossible for the court or jury to import into the contract a fixed sum. The question is one of the interpretation of a written contract, not of the implication of a promise. The contention that a practical construction was given to the contract by the parties themselves resulting from the defendant having paid $300 a week for a certain number of weeks cannot avail the plaintiff. Continuous liability for $300 a week during the whole stipulated period of the contract is not to be inferred from the simple circumstance that the defendant during these weeks was able to pay that sum or considered the news reports worth that much. There was not an acknowledgment of an obligation to pay that amount during the whole contemplated life of the contract. The correspondence between the parties and the testimony of the plaintiff's witness Corregan seems to indicate that the subject of compensation within the range of $300 per week as a maximum sum was left open to arrangement or adjustment from time to time.

As the case was presented and tried there was no room for a recovery on a *quantum meruit* (if the contract is to be regarded as one for labor and services) or on a *quantum valebant* (if it is a contract for the sale of news reports), and therein it differs from *Kennedy* v. *McKone* (10 App. Div. 88), where the words, "Not to exceed $1,500" were construed in a contract fully executed and performed, and where a recovery for the reasonable value of work actually done within the limit of $1,500 was sustained. Nor, as this case was tried and as the record comes before us, was there any other question submitted for determination than one based upon the plaintiff's claim, tenaciously adhered to, that the sum of $300 a week was a fixed and unalterable factor in the computation of damages. No foundation was laid, evidence offered in view of, or claim made, that the rule of damages applicable was the value of the contract to the plaintiff at the time of the breach. Where a party at a trial presents a litigable question in one aspect, and in that one only, insisting from beginning to end that no other is admissible, he cannot on appeal raise another and different issue or question. (*Salisbury* v. *Howe*, 87 N. Y. 128.) A case tried on one theory cannot be sent to a jury on another. (*Bennett* v. *Whitney*, 94 N. Y. 308.) A

point not raised in the trial court cannot be mooted in the first instance on appeal. (*O'Neill* v. *N. Y., O. & W. R. Co.*, 115 N. Y. 584.) No evidence was offered as to any element of expense or cost to the plaintiff, or value of the contract, except as related to its assumption that there was the fixed sum of $300 a week to be reduced by what would have been the cost to the plaintiff of performance on his part.

The judgment must be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.