UNITED PRESS v. NEW YORK PRESS CO., Limited.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. CONTRACTS—CONSIDERATION—DAMAGES—MEASURE.
    Where a newspaper breached a contract to take news reports, the price for which was "not to exceed" a certain sum per week, it was liable to nominal damages only, because of the indefiniteness of the consideration; and this, though for a number of weeks the sum stated was paid.

**2. SAME—APPEAL AND ERROR.**

Where one suing on a contract proceeds on the theory of a fixed compensation, and presents a litigable question in that aspect only, he cannot on appeal raise the question of quantum meruit or quantum valebant.

Appeal from trial term, New York county.

Action by the United Press against the New York Press Company, Limited. There was a judgment for plaintiff for less than the amount demanded, and it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William C. Davis, for appellant.
Delancy Nicoll, for respondent.

PATTERSON, J. The only matter requiring consideration on this appeal relates to the ruling of the trial justice that, under the case as made, the plaintiff was entitled only to nominal damages. In accordance with that ruling, a verdict for six cents was directed; and, from the judgment entered thereon, the plaintiff appeals. The specific ground of the ruling was that upon a construction of the contract for the breach of which the action was brought, and on the theory of the plaintiff, urged and insisted upon at the trial, there was nothing before the jury by which substantial damages could be measured or estimated. It was shown that the plaintiff was a corporation engaged in the business of collecting and vending reports of news for newspapers, and that the defendant was a corporation publishing a newspaper in the city of New York; that the plaintiff and defendant entered into a contract in writing by which the former agreed to deliver to the latter a night news report for publication in the defendant's newspaper. The contract contained, among other provisions, the following clause, viz.:

"The second party [defendant] agrees to receive the said news report on the conditions aforesaid, and to pay to the first party therefor a sum not exceeding three hundred dollars during each and every week that said news report is received by the second party, until the first day of January in the year 1900," etc.

The defendant received news reports from the plaintiff under the contract until the 1st day of January, 1894, and paid therefor the sum of $300 a week. At or about the date last mentioned, it ceased to take them, and refused to receive them. It had previously notified the plaintiff of its purpose so to do, by letter dated December 28, 1893, stating therein that it had become necessary for it to make a reduction in the cost of its news service; that numerous applications had been made for a reduction of the amount; and that, inasmuch as the plaintiff had declined to make any concessions, notification was given to cease sending any reports after the 1st of January; but the letter also contained the statement that, if the plaintiff would name a figure that might be mutually agreeable to the parties, it would be considered by the defendant. Meantime a discontinuance of the reports was directed. A correspondence ensued between the parties relating to terms upon which news reports would be accepted by the defendant thereafter, but it resulted in nothing.

The trial judge correctly held that there was a breach of the contract by the defendant. It arose from the peremptory direction to cease sending the reports. The true construction of the contract is that the defendant agreed to take news reports from the plaintiff until January, 1900; but it is also true that, by the contract itself, no fixed price was agreed upon at which the news service was to be furnished during the whole of that period. The price remained indefinite; it was "not to exceed" the sum of $300 a week. The parties left that matter vague and undetermined. It was impossible for the court or jury to import into the contract a fixed sum. The question is one of the interpretation of a written contract, not of the implication of a promise. The contention that a practical construction was given to the contract by the parties themselves, resulting from the defendant having paid $300 a week for a certain number of weeks, cannot avail the plaintiff. Continuous liability for $300 a week during the whole stipulated period of the contract is not to be inferred from the simple circumstance that the defendant during those weeks was able to pay that sum, or considered the news reports worth that much. There was not an acknowledgment of an obligation to pay that amount during the whole contemplated life of the contract. The correspondence between the parties and the testimony of the plaintiff's witness Corregan seem to indicate that the subject of compensation within the range of $300 per week as a maximum sum was left open to arrangement or adjustment from time to time.

As the case was presented and tried, there was no room for a recovery on a quantum meruit (if the contract is to be regarded as one for labor and services), or on a quantum valebant (if it is a contract for the sale of news reported); and therein it differs from Kennedy v. McKone, 10 App. Div. 88, 41 N. Y. Supp. 782, where the words "not to exceed $1,500" were construed in a contract fully executed and performed, and where a recovery for the reasonable value of work actually done within the limit of $1,500 was sustained. Nor, as this case was tried, and as the record comes before us, was there any other question submitted for determination than one based upon the plaintiff's claim, tenaciously adhered to, that the sum of $300 a week was a fixed and unalterable factor in the computation of damages. No foundation was laid, evidence offered in view of, or claim made, that the rule of damages applicable was the value of the contract to the plaintiff at the time of the breach. Where a party at a trial presents a litigable question in one aspect, and in that one only, insisting from beginning to end that no other is admissible, he cannot on appeal raise another and different issue or question. Salisbury v. Howe, 87 N. Y. 128. A case tried on one theory cannot be sent to a jury on another. Bennett v. Whitney, 94 N. Y. 308. A point not raised in the trial court cannot be mooted in the first instance on appeal. O'Neill v. Railroad Co., 115 N. Y. 584, 22 N. E. 217. No evidence was offered as to any element of expense or cost to the plaintiff, or value of the contract, except as related to its assumption that there was the fixed sum of $300 a week, to be reduced by what would have been the cost to the plaintiff of performance on its part.

The judgment must be affirmed, with costs. All concur.