## H. M. Anderson, Appellant, v. Irving Park District, Appellee.

### Gen. No. 23,218.

BUILDING AND CONSTRUCTION CONTRACTS—*when contractor cannot recover against owner for breach of contract made with contractor and architect.* A contract between plaintiff and a fellow contractor and defendant corporation provided that plaintiff and such other were to furnish suitable plans and specifications for a building· for defendant and to perform all architectural services including superintendency, plaintiff to superintend the construction under the superintendency of such other, who was to perform all architectural services. In consideration defendant agreed to pay plaintiff and such other a sum not to exceed 5 per cent. of the aggregate amount of all contracts let for the construction of the building in instalments as the work progressed. Plaintiff's fellow contractor prepared plans which were rejected, the contract being performed by another, and brought suit and recovered a judgment against defendant for one-half of 5 per cent. of the estimated cost. Plaintiff thereafter sued to recover a like amount as damages for breach of contract. *Held*, that plaintiff could not recover.

TAYLOR, P. J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the·Branch Appellate Court at the March term, 1917. Reversed and judgment here. Opinion filed January 30, 1918.

TINSMAN & BLOCKI, for appellant.

SPENCER WARD, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

H. M. Anderson brought suit against the Irving Park District to recover $1,393.97, claimed as damages for breach of a contract. There was a finding and judgment in his favor for one cent, to reverse which he prosecutes this appeal.

The record discloses that the defendant was desirous of constructing a building in its park, and for that purpose entered into a written agreement with the plaintiff and William R. Gibb. The contract provided, *inter alia,* that Anderson and Gibb were to furnish suitable plans and specifications for the proposed building, and perform all architectural services, including superintendency, in and about the construction of the building. Gibb was to perform all architectural services, except superintendency, and Anderson was to superintend the construction of the building under the supervision of Gibb. In consideration of the services to be rendered by Anderson and Gibb, the defendant agreed to pay a sum not to exceed 5 per cent. of the aggregate amount of all contracts let for the construction of the building, one half to be paid when the work on the building was actually commenced, one quarter when it was under roof, and the remaining quarter when the building was completed. Gibb, who was an architect, prepared plans and specifications for the building. These were revised and amended to meet the suggestions of the defendant. The estimated cost of the building, under the final draft of the plans and specifications, was $55,758.80. The defendant was dissatisfied on the ground that the cost was too high, and refused to permit Anderson and Gibb to do anything further towards carrying out the contract. Shortly thereafter, however, defendant employed another architect under whom the proposed building was constructed at a cost of about $57,000.

Gibb brought suit in the Municipal Court of Chicago to recover the reasonable value of the services which he had rendered in the preparation of the plans and specifications and recovered judgment for $1,393.97. On appeal to this court by the defendant the judgment was affirmed, and the Supreme Court denied certiorari. (*Gibb v. Irving Park District,* 197 Ill. App. 480.) Afterwards Anderson instituted the instant case.

Plaintiff contends that as Gibb recovered one half of the 5 per cent. of the estimated cost of the building, he was entitled, under the contract, to the other half, the amount for which he brought suit. In support of this contention it is argued that under the contract the defendant agreed to pay 5 per cent. of the estimated cost of the building; that the estimated cost was $55,-758.80, 5 per cent. of which is $2,787.94; that as Gibb had performed all services required of him and had recovered one-half of the 5 per cent., plaintiff was entitled to the balance. We cannot agree that Gibb had performed all the services required of him. He had only prepared the plans and specifications, and under the contract his services would be required until the building was completed. Anderson and Gibb were required during the course of construction of the building to issue certificates or vouchers to the building contractors from time to time. There was a further provision that if Anderson and Gibb should, at any time after the actual work on the building commenced, refuse or fail to carry out the terms of the contract they should receive only a pro rata share of the compensation. It is common knowledge that where an architect is employed to perform the architectural work on a building, his services are not only required in the preparation of plans and specifications, but are required during the construction of the building and until it is completed, unless there is found a provision dispensing with such services after the plans and specifications are prepared, and there is no such pro-

vision in the contract in question; but on the contrary, by its express terms, Gibb was required to perform services until the building was completed. There is no provision for a division between Anderson and Gibb of the compensation to be paid them. In the *Gibb* case, *supra,* another division of this court held that the contract in question constituted two "separate and wholly distinct subject-matters, * * * one, the provision for all services except superintendency by Gibb, and the other, the superintendency by Anderson under the supervision of Gibb."

In the instant case, which is brought for breach of a contract (the proper remedy, *Doherty v. Schipper & Block,* 250 Ill. 128), the damages, if any, accrued to the benefit of Gibb and Anderson jointly, since both were prevented from performing services under the contract, and no part of the compensation for the services yet to be rendered was to be paid to either Gibb or Anderson, but was to be paid to both jointly.

The defendant's position, as we understand it, is that the provision of the contract in reference to compensation "is so indefinite as to preclude a recovery of substantial damages for its breach." It is argued that if Gibb had recovered largely plaintiff would suffer; if Gibb had recovered a small amount plaintiff would profit, and if Gibb had recovered nothing plaintiff would be entitled, prima facie, to the whole amount of $2,787.94; and further that as the contract provides the compensation to be paid by defendant "shall not exceed * * * five per cent. of the aggregate amount of all contracts let in and about the construction and erection of the said park building." No substantial recovery can be had for the reason that the amount to be paid was by the contract left for future agreement, but in no event should the payment exceed 5 per cent. On this latter contention the case of *United Press v. New York Press Co.,* 164 N. Y. 406, is relied upon. In that case the contract provided that plaintiff should

furnish certain news to the defendant covering a period of years, for which the defendant agreed to pay a sum not exceeding $300 during each and every week that the news was furnished until January, 1900, and that after that date the defendant had a right to receive the news if it so desired. The contract was dated July, 1892, and the news was furnished under it until January 1, 1894, for which $300 a week was paid. Before the latter date, defendant notified plaintiff that after January 1, 1894, it would not receive or pay for the news; that the defendant had found it necessary to make a reduction in the cost of plaintiff's services. The parties negotiated in an endeavor to reach an agreement, but nothing came of it. Plaintiff then brought suit for damages claiming upwards of $93,-000, being at the rate of $300 per week. There was a judgment in favor of plaintiff for one cent. The court there said (413): "It is evident that the parties recognized their contract to be uncertain, or indefinite, as to the price, from their correspondence and the efforts to come to a mutual understanding and agreement upon the subject." In the opinion of the Appellate Division in the same case, 54 N. Y. Supp. 807, the court said (809): "The correspondence between the parties and the testimony of the plaintiff's witness Corrigan seem to indicate that the subject of compensation within the range of $300 per week as a maximum sum was left open to arrangement or adjustment from time to time." In that case it appears from the evidence introduced in addition to the contract that the parties had contemplated that the price to be paid should be fixed by future agreement. In the case at bar, however, there was no such evidence; and, while the question before us is not free from difficulty, we think upon a careful consideration of the entire contract that it was the intention of the parties that the defendant was to pay 5 per cent. of the cost of the building and no more. The defendant agreed to

pay not exceeding 5 per cent. of the cost of the building; then follows the provision that one half of this is payable when the work is commenced, one quarter when the roofs are on, and the remaining quarter when the building is completed. We believe, therefore, that it was the intention of the parties that 5 per cent. of the cost was the amount agreed upon.

Since we have held that plaintiff alone has no claim, the judgment of the Municipal Court of Chicago is reversed, and judgment *nil capiat* and for costs against plaintiff will be entered in this court.

*Judgment reversed and judgment here.*

MR. PRESIDING JUSTICE TAYLOR dissenting.

Being of the opinion that the appellee made a binding contract with the appellant individually, and that the appellant should be allowed to show, by evidence, the damages he suffered, if any, by reason of appellee's breach of the contract, I am of the opinion that the cause should be reversed and remanded, and am, therefore, constrained to dissent.